# Smith *et al.* v. The State.

*Indictment for Assault with Intent to murder.*

1. *Autrefois acquit ; plea of ; when defective.* — A plea of former acquittal interposed as to one offence, based on an acquittal on a trial for another charge, must set forth among other things the indictment on which such trial was had ; and failing in this is demurrable.

2. *Conspirators ; acts of one when evidence against all.* — Where several persons combine to commit an offence, what is said and done by one in the presence of the

52  407
99  153
52  407
117  76
52  407
123  77
52  407
130  88

others, while in the commission of the offence, is admissible evidence against all of them, both as parts of the *res gestœ* and as acts of a confederate coöperating with the other conspirators in an unlawful act.

3. *Res gestœ; admitting testimony as, when not revised.* — Declarations made by the party beaten to a third person, in the absence of the prisoner, as to the circumstances of the assault, may under some circumstances constitute part of the *res gestœ*; hence where all the evidence is not set out, and the statements in the bill of exceptions, without being definite, produce an impression that there was a nearness of both time and space between the assault and declarations, the appellate court cannot say that it was error to admit them.

APPEAL from Pike Circuit Court.

Tried before Hon. H. D. CLAYTON.

The appellants, Will Smith and Emanuel White, were indicted and convicted for an assault with intent to murder, committed upon one Josh Heering.

On the trial they interposed a plea of *autrefois acquit*, the whole of which, omitting caption and formal parts, was that " the grand jury of Pike county, at its session at the Fall term of the circuit court of said county, preferred and returned into said court ' a true bill ' against these defendants, charging them with having committed a *robbery* from the person or in the presence of Josh Curry ; being the individual Josh Curry [it is copied *Heering* in the indictment under which this trial was had. — Rep.] named in the present indictment and none other ; that to said indictment for robbery they pleaded ' Not guilty,' whereupon issue was joined by the State, and both defendants and the State threw themselves upon the country, and a jury composed of twelve lawful men returned a verdict of ' Not guilty,' judgment being entered upon said verdict of not guilty, thereby acquitting and discharging these defendants ; and defendants say that the offence for which they were indicted in said charge of robbery was the identical offence for which they were indicted, and none other ; that the facts which constitute the offence on which said former indictment was preferred are identically the same upon which the present indictment is founded ; that they have not done, performed, caused or suffered any acts upon which the present indictment is founded, other than upon which the said indictment for robbery was based."

The court sustained a demurrer to this plea.

The prosecutor testified that while walking along the public road with the defendants, Will Smith seized prosecutor by the collar, the defendant Emanuel White drawing a knife at the same time. They carried defendant some distance from the road, and Emanuel White, by Smith's direction, cut a large stick and gave it to him. About this time Alex White, who was jointly indicted with defendants, but had escaped before trial, " came up, and prosecutor asked what he had done. Alex

[Smith v. State.]

White motioned his hands towards him, and made some indistinct utterances which the witness could not understand."

The court refused on motion of defendants to exclude the testimony as to what Alex White said and did, and they duly excepted. The bill of exceptions then recites : " Will Smith then knocked witness down, and stamped his head with his feet, and witness being stunned by the blows remembers nothing more of any beating. After this, witness pulled up by a small bush, when Will Smith stated ' You are nearly gone,' they then being about ten feet apart. The affair occurred on the edge of a branch in said county. When witness got up he fell in the branch, where it was four feet wide and about knee-deep, and then crossed on the other side and went off; meanwhile defendants had left the place. After going a short distance into the field, witness met some other persons and told them what had taken place." The defendants objected to the witness' stating what took place in the field and the conversation which was had between them, which consisted in witness' telling them the circumstances as already stated. The court overruled the objection and permitted the witness " to state what he told the persons in the field had taken place."

The State then introduced two witnesses who testified " to having met said Josh Curry in the field as testified to by said Curry," and also stated what Curry told them about the circumstances of the difficulty, being the substance of what had already been stated by Curry. The court received this evidence against defendants' objections, and they duly excepted. The bill of exceptions does not profess to set out all the evidence.

The various rulings to which exceptions were reserved are now urged as error.

Neither the record nor docket gives the name of counsel for appellant.

JOHN W. A. SANFORD, Attorney General, contra.

MANNING, J. — 1. The plea of former acquittal upon an indictment for robbery is not sufficiently pleaded in this cause. It should have set out the indictment. We are not able to see from the plea that the acquittal of the crime of robbery exempts defendants from prosecution for the offence of an assault to commit murder. The plea was, therefore, correctly held to be insufficient. *Henry* v. *State*, 33 Ala. 389 ; *Foster* v. *State*, 39 Ib. 229 ; 1 Bishop's Crim. Law, §§ 680 *et seq.*

2. It was not error to admit against these defendants what was said and done by one of their associates in their presence,

[Smith v. State.]

at the time and place the offence charged is supposed to have been committed. According to the evidence Alexander White, who, it is set forth, has escaped, was a confederate. What he said and did was admissible, both on the ground that he was a confederate of the defendants, coöperating with them, and also because it was a part of the res gestœ.

3. The question arising out of the declarations made by the witness upon whom the offence is alleged to have been committed, soon after the commission of it, to third persons, and the admission of those declarations by testimony of the party and of such third persons, is not presented as it should be by the recitals in the bill of exceptions. There is nothing there to show either how long after the transaction the declarations were made, or how far distant from the scene the third persons were to whom they were made. The bill of exceptions produces the impression that there was nearness both of time and space, but it is wholly indefinite as to the degree of nearness.

The declarations, under certain circumstances, might be admissible as part of the res gestœ. In Gandy v. Humphries (35 Ala. 617), R. W. WALKER, J., said : " When it is said that declarations, to be admissible as part of the res gestœ, must be contemporaneous with the principal transaction, it is not meant that they shall be coincident in point of time with the main fact. If they appear to spring out of the transaction, if they serve to elucidate it, and are made so shortly after the happening of the main fact as to stand in the relation of unpremeditated result to it, the idea of deliberate design in making them being fairly precluded by the surrounding circumstances, then they may be regarded as contemporaneous." Wesley v. The State, p. 182.

The bill of exceptions is so vague that we cannot tell whether these conditions did or did not attend the making of the declarations admitted as evidence in the case before us; and it does not profess to set out all the evidence in the cause. Under these circumstances, and under the rule that the party excepting must by his bill of exceptions affirmatively show error in the instructions and rulings of the court below, we cannot decide that there was such error.

The judgment of the circuit court is affirmed.