# *Ex parte* **Hill.**

## *Petition for Habeas Corpus.*

1. *Criminal law; sentence to hard labor for costs.*—Under the statute regulating the subject, (Cr. Code, §§ 5423, 5425, 5426). the defendant in a criminal case can not be sentenced to hard labor for the payment of costs, where no hard labor was fixed as the original punishment and no fine was assessed.

2. *Same; same.*—Where on a trial in a criminal case, the defendant is convicted and the punishment fixed is imprisonment only, the court is without authority to impose a sentence to hard labor for the payment of the costs.

[*Ex parte* Hill.]

Heard before the Hon. GEORGE E. BREWER.

James Hill filed the petition in this case, addressed to the Judge of the Seventh Judicial Circuit, in which he averred that he was imprisoned in the county jail of Shelby county, by virtue of a judgment rendered on April 6, 1899; that said judgment, in so far as it sentenced him to hard labor for the county for the costs of prosecution, is void, and that he has been already imprisoned in said county jail for one day, the term of the sentence as imposed by the court for the punishment of the crime for which he was committed. The petitioner therefore prayed for the issuance of a writ of *habeas corpus*, and that upon the hearing he be discharged. The sheriff, in answer to the writ issued to him, admitted the imprisonment of the petitioner, and for answer alleged that he was holding him under the sentence of the court, as shown by the judgment attached to the petition as an exhibit. The judgment of the court, which was attached as an exhibit to the petition, showed that the petitioner was convicted of the offense of manslaughter in the second degree in the circuit court of Shelby county, on April 6, 1899, and in accordance with the verdict of the jury was sentenced to imprisonment in the county jail for one day. The judgment then further recited as follows: "It is further ordered by the court that the State of Alabama, for the use of Shelby county have and recover of the defendant, Jim Hill, the cost of this prosecution for which let execution issue. And the defendant failing to pay said costs or to confess judgment for the same as required by law, it is therefore considered by the court that he be and is hereby sentenced to perform hard labor for the county of Shelby, State of Alabama, for an additional term of ten months to pay said costs of prosecution, the said costs being $113.60."

The judge of the circuit court, upon the hearing of the petition and answer, denied the relief prayed for in the petition and ordered the petitioner remanded to the county jail to do and perform the judgment and sentence for the costs of the prosecution.

From this judgment the petitioner appeals, and assigns the rendition thereof as error.

[*Ex parte* Hill.]

W. S. CARY, for appellant, cited Cr. Code, § § 5423, 5425, 5426; *Ex parte State in re Long,* 87 Ala. 46; *Ex parte Joice,* 88 Ala. 128; *Cook v. Meyer,* 73 Ala. 580; *Lanier v. Youngblood,* 73 Ala. 587.

CHAS. G. BROWN, Attorney-General, for the State. The sentence to hard labor for the payment of costs was within the spirit and intention of the statute.—*Ex parte Joice,* 88 Ala. 130; *Ex parte State in re Long,* 87 Ala. 47; *Morgan v. State,* 47 Ala. 35; *Nelson v. State,* 46 Ala. 187; *Bailey v. State,* 87 Ala. 46; *Williams v. State,* 55 Ala. 166; *Pierce v. State,* 89 Ala. 177.

SHARPE, J.—The sole authority for sentencing a convict to hard labor on account of costs is found in the statutes. Section 5423 of the Code directs that "when a fine is assessed, the court may allow the defendant to confess judgment with good and sufficient sureties for the fine and costs."

Section 5425 provides: "If the fine and costs are not paid or a judgment confessed according to the provisions of the preceding section, the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced to hard labor for the county" etc.; the remainder of the section regulating the duration of punishment in proportion to the amount of the fine. This section has been construed as applying only to sentences on account of the fine.—*Williams v. State,* 55 Ala. 166.

The next section (5426) applies particularly to sentencing for costs, and contains the provision that "If on conviction judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor as provided by law, the court may impose additional hard labor for the county for such period, not exceeding ten months as may be sufficient to pay the costs, at the rate of thirty cents per day," etc.

It will be observed that by the letter of the statute the power to sentence for costs seems limited to cases where "judgment is rendered against the accused that he perform hard labor for the county."

In the case of *Ex parte the State in re Long*, 87 Ala. 46, this statute which then stood as now except as to the term of punishment, was construed by a divided court as authorizing "that in all cases in which the defendant is sentenced to hard labor as a punishment for the offense for which he has been convicted either in default of the payment of, or confession of judgment for, the fine assessed or in execution of the original judgment the court may impose additional labor as provided by section 4504 (section 5426) present Code for the payment of costs." The same statute was under consideration in *Ex parte Joice*, 88 Ala. 128, and it was further held, Justice CLOP-TON again dissenting, that under it a like sentence may be imposed when a fine is assessed, notwithstanding the fine be paid and no hard labor adjudged either as an original punishment or for the fine.

It would seem that in so applying the provision in question its operation was stretched to the verge of the latitude allowed for judicial construction, yet it must be further extended to reach a case like the present where the punishment is fixed by the jury to be by imprisonment only.

The several sections referred to must be construed together. From what is said in the prevailing opinions in the two cases last referred to it appears that the court, though justifying a departure from the letter in order to give effect to the spirit of the enactments, yet entertained the opinion that they did not cover cases like the present one where no hard labor was fixed as an original punishment and no fine was assessed. In *Long's Case*, referring to what is now section 5423, it is said: "From the nature of things since only a money judgment could be confessed or secured, it applies only to cases in which fines are assessed, and it would seem necessarily to all cases in which a fine is assessed whether that be the sole punishment or not." And in *Joice's Case*, referring to the section regulating sentences for costs, the court say: "It must have been intended that the statute in its strict letter should apply only to those cases where a preliminary judgment can be lawfully rendered that the accused 'perform hard labor for the county; not to those where

such a judgment is both unnecessary and unauthorized;'" and in proceeding to show that Joice's sentence fell within the statute, the opinion lays stress upon the fact that his offense was punishable by fine.

In the present case the punishment fixed by the jury was imprisonment only. No sentence to hard labor was or could lawfully have been imposed unless for the non-payment of costs alone as was in fact done. The statutes do not in terms authorize a sentence for costs in such case, and while conceding that they should be given a reasonable interpretation conformable to their purpose yet being penal in character a cardinal rule forbids that their operation be enlarged beyond their expressed intention, and without such enlargement no validity can be accorded to the sentence under which the petitioner is held.

The order appealed from will therefore be reversed, and a judgment here rendered discharging the prisoner from further custody.

Reversed and rendered.