# Hollis *v.* The State.

*Indictment for Larceny.*

1. *Plea of former conviction; sufficiency thereof.*—On a trial under an indictment for larceny, where the defendant interposes a plea of former conviction in a justice of the peace court, the fact that said plea fails to allege that no appeal was taken from said judgment of conviction, does not render the plea demurrable; since such matter should be presented by replication to the plea and not by demurrer.

2. *Same; same.*—A plea of former conviction is insufficient and demurrable which fails to set forth the indictment or complaint upon which the alleged former conviction was had.

3. *Larceny; admissibility of evidence.*—In a prosecution for larceny, the testimony of a witness who searched the defendant's house for the property alleged to have been stolen, "that he did not find it [the property] concealed or under suspicious circumstances," is incompetent and inadmissible; such testimony being the mere conclusion of the witness.

4. *Judgment in criminal case; sentence to hard labor for costs.* Under the statute regulating the subject (Cr. Code, §§ 5423, 5425, 5426), the defendant in a criminal case can not be sentenced to hard labor for the payment of costs where no hard labor was fixed as the original punishment and no fine was assessed.

[Hollis v. The State.]

5. *Same; same.*—Where on a trial in a criminal case, the defend-
ant is convicted and the only punishment fixed by the court
is imprisonment in the county jail, the court is without au-
thority to impose a sentence to hard labor for the payment
of costs.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The defendant was indicted, tried and convicted for the larceny of a hog. The defendant filed the following special plea, which was sworn to.: "Comes the defendant in the above styled cause, and under oath says: That on December the 26th, 1898, in the justice of the peace court of J. A. McGuire, ex-officio justice of the peace in and for said county and State, defendant was tried and convicted for the larceny of the same hog, the property of Jim Copeland, as that alleged in the indictment in this cause. That defendant was arrested on an affidavit signed by the aforesaid Jim Copeland, and tried and convicted as above stated, that on the same day the verdict was rendered. Defendant confessed judgment for the fine and cost in said justice court. Wherefore defendant pleads this in bar to any further proceedings, and asks that he be hence discharged." The court sustained a demurrer interposed to said plea, to which ruling of the court the defendant duly excepted. The ground of the demurrer is stated in the opinion. The facts pertaining to the other rulings of the court which are reviewed on the present appeal are sufficiently stated in the opinion.

PARKS, ANDRESS and GARDNER, and ROQUEMORE & HARMON, for appellant.—The court erred in sustaining the demurrer to the plea of former conviction.—*Daniels v. Hamilton,* 52 Ala. 105; *Eads v. Murphy,* 52 Ala. 520; *Huss v. Cen. R. R. Co.,* 66 Ala. 472; 6 Encyc. Plead. & Prac. 296.

The court erred in sustaining the objection of the State to the testimony of the witness that he did not find the property stolen concealed or under suspicious circumstances when he searched the defendant's house. *Moore v. State,* 71 Ala. 307; *Prince v. State,* 83 Ala. 238; *A. G. S. R. R. Co. v. Yarbrough,* 92 Ala. 571; *Abbett v.*

*Page,* 98 Ala. 342; *Cofer v. Scroggins,* 82 Ala. 452; *State v. Houston,* 78 Ala. 576.

The sentence to hard labor for the payment of costs was erroneous and is sufficient to work a reversal of the judgment in the present case.—Code of 1896, § § 5415, 5419; *Melton v. State,* 45 Ala. 56; *Moss v. State,* 42 Ala. 546.

CHAS. G. BROWN, Attorney-General, for the State. There was no error in the court sustaining the demurrer to the plea of former conviction.—*Henry v. State,* 33 Ala. 389; *Foster v. State,* 39 Ala. 229; *Cross v. State,* 117 Ala. 73; *Kendall v. State,* 65 Ala. 492; *Morrisette v. State,* 77 Ala. 71.

The testimony excluded on motion of the State was a mere expression of the opinion or conclusion of the witness, and was, therefore, properly excluded.—*Bennett v. State,* 52 Ala. 370; *Ins. Co. v. Peacock,* 67 Ala. 253; *Hames v. Brownlee,* 63 Ala. 277; *Cummins v. State,* 58 Ala. 387; *Pollock v. Gantt,* 69 Ala. 373.

DOWDELL, J.—The defendant was tried and convicted in the criminal court of Pike county on an indictment for the larceny of a hog.

For answer to the indictment the defendant filed his plea of *autre fois convict.* This plea was demurred to by the State, the sole ground of demurrer being that "the plea fails to allege that no appeal was taken from said judgment of conviction."

This averment was not necessary to constitute a good plea. The ground assigned was matter for replication and not of demurrer. In *Moore v. State,* 71 Ala. 311, it was held, that a former conviction procured by the fraud, connivance, or collusion of the defendant, is no bar to a subsequent prosecution, but the plea of the defendant is not required to negative such fraud on his part, and such matter must be presented by replication to the plea of former conviction.

The necessary allegations of a plea of *autre fois acquit* or *convict* are stated in the case of *Henry v. State,* 33

Ala. 403. Such a plea consists partly of matters of record and partly of matters of fact. It should set forth the former indictment, and the acquittal or conviction under it; and it seems to be essential that the record thereof, or at least of the indictment, should be set out in full. It must also aver the identity of the defendant with the person formerly acquitted or convicted, and the identity of the offense charged in the first with that set forth in the last indictment. See also *Foster v. State,* 39 Ala. 229; *Smith Case,* 52 Ala. 407; 1 Brick. Dig. 502, § 783; Clark's Man. Crim. Law, p. 435, § 2339.

The former conviction pleaded in this case, having been rendered or had in the justice court, the plea should have set forth the complaint or affidavit before the justice on which such conviction was based.—*Cross v. State,* 117 Ala. 73. While the plea was bad in this respect, yet the demurrer did not go to this defect. In ruling on the demurrer the court is confined to the grounds therein assigned.—Code, 1896, § 3303.

The statement of the witness, who went to the defendant's house to search for meat, "that he did not find it concealed or under suspicious circumstances," was on the objection of the State excluded. It is insisted by counsel that that part of the statement, "he did not find it concealed" was competent, and the objection being general, going to the statement as a whole, should have been overruled. The latter proposition is correct, but we cannot assent to the former, that the portion of the statement pointed out was competent. Whether the meat found by the witness was or was not concealed, was but the conclusion or opinion of the witness. He should have stated the facts as to the finding, that the jury might determine whether there was or was not a concealment. What in his opinion might have not been a concealment, in the opinion of another might have been. There was no error in the exclusion of this evidence.

Neither was there any error in sustaining the State's objection to the statement made by the witness that the meat "he [witness] found did not *correspond* with the meat Jim Copeland said he had lost." The exception, however, to the ruling of the court on this evidence, is not insisted on in argument.

[Black v. The State.]

The defendant was convicted under section 5050 of the Criminal Code, the jury returning a general verdict of guilty without the assessment of any fine, which was discretionary with the jury under the statute. Upon this verdict it was the duty of the court to impose the punishment of either imprisonment in the county jail or hard labor for the county for a term not exceeding twelve months. The court imposed as a punishment imprisonment in the county jail for one hour, and also sentenced the defendant to hard labor to pay the costs. No fine having been assessed for which there might have been a sentence to hard labor under section 5425 of the Code, and the original or preliminary punishment fixed by the court not being to hard labor, but imprisonment in the county jail, under the decision in *Ex parte Jim Hill*, 122 Ala. 114, the court was without authority under the statute to sentence to hard labor for the costs.

For the error pointed out the judgment of the court must be reversed and the cause remanded.