# Lewis *v*. The State.

## *Murder.*

(Decided Jan. 11, 1912. Rehearing granted Jan. 30, 1912. 57 South. 1012.)

1. *Appeal and Error; Bill of Exceptions; Necessity.*—Where there is no error of record and no bill of exceptions has been filed, and the time for filing same has expired, the conviction will be affirmed.

2. *Same; Determination; Reversal in Part.*—Where a conviction is erroneous in imposing hard labor in lieu of costs, the sentence will be reversed back to the judgment of guilt, and the case remanded for proper sentence.

3. *Costs; Imprisonment for Non-Payment; Sentence.*—Where the verdict sentenced the defendant to one day in the county jail, but assessed no fine, the sentence of the court imposing hard labor in lieu of the payment of the costs, is erroneous.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Joe Lewis was indicted for murder, convicted of manslaughter in the second degree, and he appeals. Affirmed in part, and in part reversed and remanded.

The verdict of the jury was: We, the jury find the defendant guilty of manslaughter in the second degree, and fix the punishment at one day in the county jail. The judgment after fixing the punishment in the county

[Lewis v. The State.]

jail orders and adjudges that the defendant perform
hard labor for an additional term of 192 days, for the
payment of costs, at the rate of 75 cents per day, and
fixes the beginning and ending of the term.

JOHN A. ELMORE, for appellant. The judgment sen-
tencing the defendant to an additional term for costs,
was erroneous.—Sec. 7092, Code 1907; Sec. 7623, Code
1907.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State.

PER CURIAM.—No bill of exceptions is included
in the record, and the time for filing has expired. There
is no error shown by the record, and the case is af-
firmed.

Affirmed.

On Application for Rehearing.

This case was before the court on appeal on the rec
ord, without a bill of exceptions and no brief was filed
by the appellant. On application for rehearing the ap-
pellant directs the court's attention to the judgment of
the court sentencing the defendant to hard labor for the
costs, when the punishment imposed was imprisonment
in the county jail for the term of one day and no fine
was assessed. The sentence of the court, imposing hard
labor in lieu of payment of the costs, is erroneous.—
*Ex parte Hill,* 122 Ala. 114, 26 South. 230; *Hollis v.
State,* 123 Ala. 74, 26 South. 231.

The application for a rehearing is granted, and the
judgment of the court reversed back to the judgment of
guilt, and the case remanded, that proper judgment
may be entered.—*Dowling v. City of Troy,* 1 Ala. App.
508, 56 South. 116; *Evans v. State,* 109 Ala. 11, 19

South. 535; *Johnson v. State,* 94 Ala. 35, 10 South. 667; *Herrington v. State,* 87 Ala. 1, 5 South. 831.

Application granted, and judgment of the court below affirmed in part, and reversed and remanded in part.