(93 South. 334)

### ELLIS v. STATE.    (6 Div. 37.)

(Court of Appeals of Alabama.    May 9, 1922.
Rehearing Dismissed May 30, 1922.)

**1. Criminal law ⬅⟾338(6)—Evidence not admissible to impeach one who has not testified.**

Testimony was not admissible for the purpose of impeaching one who at the time had not testified.

**2. Criminal law ⬅⟾368(3)—Evidence of another's statement that he alone was running still admissible for defendant as res gestæ.**

Evidence that one who, with defendant, was arrested at a still while the still was yet in possession of one or all of those present, and while the whisky was still running from the worm, said that the still and everything connected with it was his, and that he alone was making the whisky, was admissible in defendant's favor as part of the res gestæ.

**3. Criminal law ⬅⟾1170(2) — Defendant had full benefit of excluded evidence when facts subsequently proved by other witnesses.**

Defendant had the full benefit of excluded evidence concerning the statement of a third person that he alone was operating a still where he was later permitted to prove by such third person and several other witnesses every fact favorable to himself that could have been elicited in response to the question excluded.

**4. Criminal law ⬅⟾368(1)—Statements of one arrested at the same time not admissible for defendant when not part of the res gestæ.**

Evidence of statements at other times and places of one arrested at the same time as defendant was not admissible for defendant.

**5. Criminal law ⬅⟾368(3)—Declaration of another exculpating defendant held admissible.**

A statement of one found at a still, and arrested, that he was caught "dead to right," and that the officers might just as well turn defendant and another loose, and that they had not been there at all, was material evidence tending to prove defendant's innocence, having been made at the time of the occurrence of the main fact, and tending to elucidate such fact, and so harmonizing with it as obviously to constitute but one transaction, and having been made without time for meditation or concoction of an excuse.

**6. Witnesses ⬅⟾379(2) — Question admissible to impeach when negative answer would conflict with testimony already given.**

A question on cross-examination as to whether one arrested at a still which defendant was charged with operating did not state that defendant had not been there at all would, if answered in the negative, have tended to impeach the testimony of the witness where such answer would have conflicted with other testimony.

**7. Criminal law ⬅⟾789(4)—Instruction that is incomplete and meaningless properly refused.**

An instruction on reasonable doubt which was incomplete and meaningless was properly refused.

**8. Criminal law ⬅⟾829(1)—Instructions covered by those given properly refused.**

The refusal of charges covered by other written charges and by the court's oral charge was not error.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Arthur Ellis was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The application for rehearing was filed by the solicitors for the court from which the appeal comes, and, so far as appears from the record, no briefs were submitted on the original submission.

The following charge was refused to the defendant:

(3) "Unless you believe beyond all reasonable doubt from the evidence that the defendant."

The other facts sufficiently appear from the opinion.

Pinkney Scott, of Bessemer, for appellant.

The court erred in the admission and exclusion of evidence. 1 Mayfield, 772–774.

Ben G. Perry, Sol., and Arthur Green, Deputy Sol., both of Bessemer, for the State.

Brief on original submission did not reach the Reporter. Brief on rehearing, not being considered by the court, is not here set out.

SAMFORD, J. On the trial defendant's counsel, on cross-examination of Dice, a state's witness, asked a certain question seeking to prove that one Gaither Parsons, who was arrested at the same time and place, stated to the officers making the arrests, and in the presence of defendant, that the still and everything connected with it was his, and that he alone was making the whisky. The court sustained the state's objections to these questions, and the defendant excepted.

[1-3] The testimony was not admissible for the purpose of impeaching Parsons, as at that time Parsons had not testified, and defendant does not insist upon it as such, but does insist that it should have been admitted as part of the res gestæ of the offense. The evidence discloses that the crimes charged in the indictments were then and there being committed; the whisky was running out of the worm, and the possession of the still was then in either one or all of those who were present; the witness Parsons, as well as the defendant, was surprised by the officers. The statement of either one or all of them at that time would have been admissible against them, without proof of a predicate showing it to have been voluntary, on the ground that it was a part of the res gestæ, and, being a

part of the res gestæ, was admissible for the defendant. Holyfield v. State, 17 Ala. App. 162, 82 South. 652; Oldacre v. State, 16 Ala. App. 151, 75 South. 827; Wesley v. State, 52 Ala. 182; Smith v. State, 52 Ala. 407. As to what the answer of the witness would have been we cannot know, but later the defendant was permitted to prove by Parsons himself, and by three other witnesses, every fact favorable to defendant that could have been elicited in response to the question that had been overruled. The defendant therefore had the full benefit of the evidence.

[4] The other questions propounded to this witness, as to statements made by Parsons at other times and places, called for facts not of the res gestæ, and objections to them were properly sustained.

What was reported to the witness Dice by Howton at a time when defendant was not present was immaterial, and properly excluded, as was also the testimony as to where witness left Otis Howton and Kirk Parsons.

[5, 6] Upon the recross-examination of the state's witness Dice, when being examined on rebuttal, the court sustained the state's objection to the following question:

"Don't you know that when you got to this still Sam Karr had been there for several minutes and Gaither (Parsons) then when you and Standifer walked up told you Sam Karr had caught him dead to right, and they had just as well turn Ellis and Hoyett loose; that they had not been there at all."

This question called for testimony which, if answered in the affirmative, would have been a declaration made at the time of the occurrence of the main facts, would tend to elucidate the fact of manufacture of the liquor or possession of the still, and to so harmonize with it as obviously to constitute one transaction (Wesley v. State, 52 Ala. 182), and made at a time when Parsons had had no time to meditate or to concoct an excuse (Oldacre v. State, supra). The answer would therefore have been material evidence; if "Yes," would have tended to prove the defendant's innocence, if "No," would have tended to impeach the testimony of the witness, such answer being in conflict with other testimony already in evidence. Moreover, this was a part of a conversation between all these parties and as to which conversation several witnesses had testified.

[7] Charge 3 requested by the defendant is incomplete, and as here appears means nothing.

[8] Charges 4 and 5 were covered by other written charges and by the oral charge of the court.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.