## LETT v. STATE.  (6 Div. 191.)*

(Court of Appeals of Alabama.  May 29, 1923.
Rehearing Denied June 26, 1923.)

1. **Criminal law ☞364(6)—Evidence of defendant's statements, after capture and being brought back to scene of crime not part of res gestæ.**

In a prosecution for violation of the prohibition law, where defendant had run off, been captured, and brought back to a point near the scene of the crime, statements then made by him were not part of the res gestæ.

2. **Criminal law ☞517(3), 696(2, 3)—Preliminary proof before admission of confession, motion to exclude necessary.**

All confessions are presumed to be involuntary and prima facie inadmissible; but where there was testimony that the confession was made without inducement, fear, or threats, a proper predicate is laid and it becomes admissible, but, if it afterwards appears that it was not voluntary, on proper motion it should be excluded, but in absence of motion the trial court cannot be put in error for permitting it to remain.

3. **Criminal law ☞789(15)—Charge on reasonable doubt properly refused; "reasonable supposition"; "reasonable doubt."**

In prosecution for violation of the liquor law, a charge that, if there was a reasonable doubt of guilt arising out of any part of the evidence after considering all of it, then to find defendant not guilty, or to acquit unless the evidence excludes every reasonable supposition but that of defendant's guilt, was properly refused; a "reasonable supposition" not being equivalent to a "reasonable doubt."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Doubt.]

4. **Criminal law ☞798(1)—Charge to acquit if one juror has reasonable doubt as to guilt properly refused.**

In a liquor violation prosecution, a charge that none of the jurors were the keepers of the others' conscience, and if either of them, or one of them, was not satisfied beyond a reasonable doubt as to defendant's guilt, or had a reasonable doubt arising out of any part of the evidence, after considering all of it, then to acquit, was properly refused.

5. **Criminal law ☞757(5)—Charge assuming bias of officers held bad.**

In a liquor violation prosecution, a charge that assumed bias on the part of officers testifying was bad and properly refused.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

R. H. Lett was convicted of violating the prohibition law, and appeals.  Affirmed.

The following charges were refused to defendant:

"(9) I charge you, gentlemen of the jury, that if you or either of you have a reasonable doubt of the defendant's guilt arising out of any part of the evidence after considering the whole evidence, then you must not find him guilty, or that you should acquit in criminal cases unless the evidence exclude every reasonable supposition but that of defendant's guilt."

"(11) I charge you, gentlemen of the jury, that none of you are the keeper of the other's conscience, and if either of you or one of you are not satisfied beyond a reasonable doubt of the defendant's guilt or have a reasonable doubt of the defendant's guilt arising out of any part of the evidence after considering all of the evidence, then you must acquit the defendant."

"(18) I charge you, gentlemen of the jury, that in considering the evidence you have a right to look at the bias of the witnesses, their motive for testifying. You have a right to take into consideration the bias of the officers testifying, their desires to convict, and if this bias is so prevalent in a witness as to raise in your minds a reasonable doubt as to whether he is telling the truth, then you may disregard the whole of his testimony."

F. F. Windham, of Tuscaloosa, for appellant.

Confessions not voluntarily made are inadmissible. Whitehead v. State, 16 Ala. App. 427, 78 South. 467; Wise v. State, 11 Ala. App. 72, 66 South. 128.  Charge 9 should have been given for defendant.  Griffin v. State, 150 Ala. 49, 43 South. 197; Whatley v. State, 144 Ala. 68, 39 South. 1014.  Where confessions or admissions have been allowed on preliminary proof, and it appears during the trial that they were not voluntarily made, they should be withdrawn from the jury. Bonner v. State, 55 Ala. 242; Bob v. State, 32 Ala. 560; Aaron v. State, 37 Ala. 106; King v. State, 40 Ala. 314; 4 Mich. Ala. Dig. 236.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

A promise which will render a confession involuntary must have relation to the consequences of the offense. McCullars v. State, 208 Ala. 182, 94 South. 55; 4 Mich. Ala. Dig. 238.  It is not necessary to show a predicate, where the statements are part of the res gestæ.  4 Mich. Ala. Dig. 141; Williams v. State, 18 Ala. App. 573, 93 South. 284.

SAMFORD, J.  [1] Under the facts in this case, as shown by the record, a sufficient predicate was laid for the alleged confession as testified to by the several state witnesses, and therefore the confession of defendant was properly admitted.  The statement of the defendant was not a part of the res gestæ, as was the fact in Ellis v. State, 18 Ala. App. 544, 93 South. 334.  In that case the statements were made as a part of and contemporaneous with the manufacture of the whisky, while in this case the defendant had run off, been captured, and brought back to a point near the scene of the crime.  A state

of facts was brought out on cross-examination and by testimony for defendant which might have been sufficient to have excluded the confession, under authority of Redd's Case, 69 Ala. 255, Young's Case, 68 Ala. 569, and Moss' Case, 209 Ala. 3, 96 South. 451; but no such motion appears of record.

[2] In other words, all confessions are presumed to be involuntary and prima facie inadmissible as evidence, but where the witness testifies that the confession was made without inducement, fear, or threats, a proper predicate is laid and the confession is admissible. If it afterwards appears, upon cross-examination or otherwise from the evidence that the confession was not voluntary, the court should, on proper motion, exclude it; but in the absence of the motion the trial court cannot be put in error for permitting the evidence to remain before the jury.

[3] Charge 9, while asserting a correct proposition in its first alternative, fails in its second. All cases in this state holding that a reasonable supposition is equivalent to a reasonable doubt have been expressly overruled. Smith v. State, 197 Ala. 193, 72 South. 316.

[4] Charge 11 asks the court to instruct the jury to acquit if one of the jury have a reasonable doubt growing out of the evidence. This charge has been many times condemned.

[5] Charge 18 assumes a bias on the part of the officers testifying and for that reason is bad.

We find no error in the record, and the judgment is affirmed.

Affirmed.

FOSTER, J., not sitting.