191 So. 922

## MILLS v. STATE.

### 8 Div. 935.

Court of Appeals of Alabama.

Nov. 7, 1939.

Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the November 1937 term of the Franklin Circuit Court, the Grand Jury returned an indictment against this appellant, containing two counts, each count charging in different language the violation of the Statute which makes it an offense for any driver of any vehicle involved in an accident resulting in injury or death to any person, or, resulting in the damage to property, who fails to immediately stop such vehicle at the scene of such accident, and give his name and address and also the registration license number of his vehicle, etc. Gen. Laws 1927, p. 376, § 76.

The trial of the case in the court below was had at the November 1938 term of said court, and upon arraignment the defendant interposed his plea of not guilty. The jury returned a verdict of guilty as charged in the indictment and his punishment was fixed at imprisonment in the county jail for a term of thirty days.

The court properly adjudged the defendant guilty and duly sentenced him to imprisonment in the county jail for the designated term—30 days. In addition to the foregoing, the judgment entry discloses that the court sentenced the defendant to hard labor for 86 days to pay the costs of the proceedings.

From the judgment of conviction this appeal was taken.

The appeal is upon the record proper. There is no bill of exceptions.

In appeals of this character, the appellate court is under the duty to consider all questions apparent on the record, and to render such judgment as the law demands. No assignment of errors or joinder in errors is necessary. Section 3258, Code 1923.

The judgment of the trial court, especially in criminal cases, should be certain and definite, and ministerial officers should not be left in doubt as to what sentence is to be imposed.

The judgment in this case wherein the defendant was sentenced to hard labor for 86 days to pay the costs is not well founded and is erroneous.

The law is, as expressed by the authorities cited herein below: Where the verdict provides as a punishment imprisonment in the county jail, no fine being assessed, the trial court is without authority to impose upon defendant hard labor in lieu of the payment of the costs. Ex parte Hill, 122 Ala. 114, 26 So. 230; Hollis v. State, 123 Ala. 74, 26 So. 231; Lewis v. State, on rehearing, 3 Ala.App. 20, 57 So. 1012.

In the Hill case, supra, the Supreme Court said [122 Ala. 114, 26 So. 231]: "In the present case, the punishment fixed by the jury was imprisonment only. No sentence to hard labor was or could lawfully have been imposed, unless for the nonpayment of costs alone, as was in fact done. The statutes do not, in terms, authorize a sentence for costs in such case; and, while conceding that they should be given a reasonable interpretation conformable to their purpose, yet, being penal in character, a cardinal rule forbids that their operation be enlarged beyond their expressed intention, and without such enlargement no validity can be accorded to the sentence under which the petitioner is held."

In Hollis v. State, supra, our Supreme Court said [123 Ala. 74, 26 So. 232]: "The defendant was convicted under section 5050 of the Criminal Code, the jury returning a general verdict of guilty without the assessment of any fine, which was dis-

cretionary with the jury under the statute. Upon this verdict it was the duty of the court to impose the punishment of either imprisonment in the county jail or hard labor for the county for a term not exceeding 12 months. The court imposed as a punishment imprisonment in the county jail 'for one hour, and also sentenced the defendant to hard labor to pay the costs. No fine having been assessed for which there might have been a sentence to hard labor under section 5425 of the Code, and the original or preliminary punishment fixed by the court not being to hard labor, but imprisonment in the county jail, under the decision in Ex parte Jim Hill * * * [122 Ala. 114], 26 So. 230, the court was without authority, under the statute, to sentence to hard labor for the costs."

This court, in the case of Lewis v. State, supra, said (on rehearing) : "On application for rehearing the appellant directs the court's attention to the judgment of the court sentencing the defendant to hard labor for the costs, when the punishment imposed was imprisonment in the county jail for the term of one day and no fine was assessed. The sentence of the court, imposing hard labor in lieu of payment of the costs, is erroneous."

From what has been said, the judgment of the trial court, in sentencing defendant to imprisonment in the county jail as punishment, is in all things affirmed, there being no error apparent on the record as to this. For the error in improperly sentencing defendant to hard labor for the county for the term of 86 days, the cause is hereby remanded to the lower court for proper sentence in line with what has been said herein.

Affirmed, in part, remanded for proper sentence.