194 So. 815

## McGUIRE v. STATE.
### 6 Div. 374.

Supreme Court of Alabama.

Jan. 25, 1940.

Rehearing Denied April 4, 1940.

Harrison Kendrick, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

GARDNER, Justice.

The appeal is from a judgment of conviction of murder in the first degree with the infliction of the death penalty.

The ruling of the trial court as to motion to quash the venire, objections to being placed on trial and plea in abatement, is sustained by the authority of Wimbush v. State, 237 Ala. 153, 186 So. 145 (a case relating to the same homicide as that here involved), and that of Garner v. State, 206 Ala. 56, 89 So. 69, therein cited. These questions need no re-discussion here.

■ The case of Southern R. Co. v. McCants, 26 Ala.App. 442, 163 So. 363, certiorari denied 231 Ala. 22, 163 So. 365, furnishes no basis for defendant's insistence for a new trial because of the failure of the solicitor in his opening statement to the jury to make mention of all phases of the evidence upon which he hoped to secure a conviction. A discussion of this authority is found in Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588.

■ The proof for the State tended to show that defendant, with three companions, entered the street car with the intent to rob, and as a result of such conspiracy the conductor was killed. Some of the proof tended to show that Wimbush (Wimbush v. State, supra) fired the fatal shot, while other witnesses stated it was defendant. The conflicting proof in this regard was, of course, for the jury's consideration, though defendant's guilt could be made to rest either upon the theory of the conspiracy to rob and the actual killing of a co-conspirator or upon the theory defendant did the actual killing. Many witnesses were examined, and the evidence was ample to sustain the verdict of guilt.

We find no justification in the record for disturbing the action of the trial court in denying the motion for a new trial.

■ In qualifying the prospective jurors, one of the number asked to be excused, stating he thought defendant guilty, and he stood aside. Defendant demanded another panel, the remark having been made in the presence of the other members of the panel. The trial judge was careful to ascertain from the remaining panel that such remark in no manner prejudiced de-

fendant in their minds or would influence their verdict. Much is left to the discretion of the trial court in ·this regard, and we do not consider that this discretion was abused in denying defendant's motion.

■ Like observation is applicable to the action of the court in overruling defendant's motion to exclude from the court room some few conductors or motormen, who entered during the trial and who were in uniform. During the entire trial the record gives no indication of any feeling or prejudice or the slightest disorder; and the mere fact that it was a conductor who was killed gave no just reason to exclude these men from the court room. This too was largely a matter of discretion, with no abuse thereof shown.

■ Witness Payne has been a police officer and had experience in the firing of different caliber pistols for fifteen years. He was permitted to state that, in his opinion, the two bullets exhibited to him, and which were extracted from the body of deceased, were fired from a 32.20 caliber pistol. The determination of the question as to the qualification of the witness from his long experience to give such an opinion was a matter resting largely in the discretion of the trial court. 22 Corpus Juris 526; Hamilton v. Crawford Mercantile Co., 201 Ala. 403, 78 So. 401. The action of the court in overruling defendant's objection to this proof was sustained by Sovereign Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410. See, also, 22 Corpus Juris 654.

We are unable to see the materiality of the question as to whether or not the deceased conductor was a good shot.

■ And the excusing of the widow of deceased from the rule after having given her testimony was so clearly a discretionary matter and free from error as to call for no discussion.

■ There were some charges refused defendant and many given in his behalf. Those refused were either faulty or fully covered by those given or by the oral charge of the court, and need no separate treatment here.

■· Counsel for defendant lays his greater stress upon the matter of voluntary confession. There was no pretense of any confession of guilt, but a denial on defendant's part all along. It may be conceded, however, that the testimony of witness Payne to the effect defendant in his statement admitted there had been some discussion among them as to a robbery, may be classed as an inculpatory admission in the nature of a confession, and subject to the same rule. McGehee v. State, 171 Ala. 19, 55 So. 159; Crenshaw v. State, 205 Ala. 256, 87 So. 328. And it is clear enough the witness testified, as a preliminary matter, to the absence of any reward or threats of any character so as to constitute the statement prima facie at least a voluntary one. As the witness proceeded to testify to the statement, defendant objected because the proper predicate had not been laid, which objection clearly was untenable. But counsel further added, "and at this time we ask the court for permission to introduce evidence to go into the fact of whether this statement, if any was made, was voluntary, according to the direction laid down by law, which would permit the submission of such a statement, if it was made." Objection was overruled. The court stated: "I will allow you to show evidence, to show that it was not voluntary, and if it was not, I will exclude the testimony, but I don't think you should do it now," and exception was reserved.

■ But as to whether or not the statement was voluntary was a preliminary question for the court to determine, and under the decisions the postponement of the time to a later period of the trial was a misconception of the rule which called for a hearing at that time. Burns v. State, 226 Ala. 117, 145 So. 436; Jackson v. State, 83 Ala. 76, 3 So. 847; Faulk v. State, 23 Ala. App. 213, 123 So. 104; Lett v. State, 19 Ala. App. 298, 97 So. 148; Lockett v. State, 218 Ala. 40, 117 So. 457.

But we are persuaded there is no error here shown prejudicial to defendant, and justifying a reversal of the judgment against him.

In Jackson v. State, supra, the preliminary question as to whether or not the confession was voluntary was left to the jury, though it was a matter for the decision of the court. And in addition to this point of differentiation, counsel in the Jackson case stated, not only what he expected to prove, but that he had the witnesses present in court who had been sworn and put under the rule. And in Faulk v. State, supra, the defendant asked to be permitted to cross-examine the witness on the question as to whether or not the confession

was voluntary, and this the court declined to do.

For prejudicial error to be made to appear, the record must show that the offer of testimony is in good faith, and if the record shows otherwise reversible error is not committed. Section 894, Vol. 3, 4th Ed., Jones on Evidence.

Here there was no definite offer of any proof whatever. Counsel did not even avail himself of the privilege of cross-examining the witness on this question. A mere general statement "to introduce evidence to go into the fact," with no offer of proof and no statement or intimation that any witnesses were present or any desired to be summoned. And the further progress of the trial bears indication there were no witnesses for none were ever offered, and no intimation of any desire to do so throughout the entire trial. And in addition to this, the defendant, when on the stand as a witness and giving all details pertaining to his case, made not the slightest suggestion that any statement he made was involuntarily obtained.

A careful study of this record, therefore, is persuasive there was in fact no good faith offer of proof upon this question, and that any reversal of the judgment of conviction upon this exception would be but to grant a new trial upon a nebulous and wholly unsubstantial ground. This would of course be out of harmony with the rule by which this Court is guided (Supreme Court Rule 45), for it must appear that the error complained of has probably injuriously affected substantial rights of the defendant.

The matter of exception to the oral charge so clearly presents no reversible error as to call for no discussion.

We have studied the record in the light of the carefully prepared brief for defendant, wherein all rulings are fully treated. But we find no ruling justifying a reversal of the cause.

It results, therefore, that the judgment of conviction is due to be and is affirmed.

Affirmed.

THOMAS, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

ANDERSON, C. J., not sitting.