57 So.2d 817

## DRAKE v. STATE.

### 7 Div. 124.

Supreme Court of Alabama.

March 10, 1952.

Rehearing Denied April 10, 1952.

Wales W. Wallace, Jr., and Conrad M. Fowler, Columbiana, for appellant.

206

Si Garrett, Atty. Gen., J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, of Montgomery, of counsel, for the State.

SIMPSON, Justice.

Cooper Drake, a twenty-nine-year-old Negro man, was convicted of murder in the first degree and sentenced to death by electrocution for the killing of Dale Holley, a four-year-old white boy. This appeal comes under the automatic appeal statute. Title 15, §.382(1) et seq., Code 1940.

The State's evidence showed that on the afternoon of the homicide, the deceased and his mother, Mrs. Kathleen Holley, were alone at their home near Calera, Alabama. The house was located in an isolated section of the country near U. S. Highway 31. The defendant forced Mrs. Holley into the house at gun point and there raped her. The sordid details of this crime are unnecessary to relate. Immediately after her ravishment, Mrs. Holley was forced to accompany the defendant a short distance from the house. She was carrying her son Dale in her arms and when she refused to put the child down when so ordered by defendant, he fired a pistol toward them, the bullet striking both. Mrs. Holley fell to the ground, dropping the deceased. The defendant fired two more times into the head of the deceased, killing him as he lay on the ground. There were three bullet holes in the skull. Defendant then turned his gun on Mrs. Holley, firing two more shots into her body, and when it appeared that he had not killed her, he struck her in the head with a rock. He then took the rock and dipped it in water, brushed out his footprints with the gun, and left the scene. He was subsequently captured after an intensive manhunt.

 The defendant admitted on the stand that he was present at the time and place described by Mrs. Holley and that he did fire the shots at her, but denied shooting the child. His testimony in defense

of the crime was so incredible that we will not burden the opinion with its recital. It is enough to say that the evidence overwhelmingly sustained the verdict of guilty and the trial court correctly ruled in denying the motion for a new trial.

■ An oral confession was made by defendant to W. L. Allen, a criminal investigator for the State of Alabama, while defendant was in the hospital recovering from wounds received when being captured. The State laid the proper predicate and the defendant on *voir dire* was permitted further inquiry into the question of the voluntary character of the confession. It clearly appears from all the evidence that the confession was proven to have been voluntary and the trial court ruled correctly in admitting it.

■ On cross-examination of Allen on *voir dire,* defendant's counsel asked several questions concerning communications between Allen and defendant's wife with reference to someone breaking into the defendant's house. The exact materiality of this line of questioning is not made to appear and we are persuaded that the trial court, in the exercise of a wise discretion vested in him with reference to the extent of cross-examination, committed no error in limiting the defendant in this particular. Kervin v. State, 254 Ala. 419(3), 48 So.2d 204; Alford v. State, 30 Ala.App. 590, 10 So.2d 370, certiorari denied 243 Ala. 404, 10 So.2d 373.

■ After Allen testified with respect to the confession, the solicitor asked if the defendant told him anything else, evidently pursuing the inquiry with respect to the confession. The irrelevant response by the witness that the defendant said he had served a term in the federal penitentiary was immediately excluded by the court, the court stating: "I will exclude that. This has got nothing to do with the facts in this case." Counsel for defendant moved for a mistrial, but this motion was overruled. Much stress is laid on this ruling as error to reverse, but we have concluded, after a consideration of all the facts, that the prompt ruling of the court in peremptorily and explicitly excluding the statement of the witness fully eradicated whatever prejudice might have attended its making. Stephens v. State, 252 Ala. 183, 40 So.2d 90. It is also to be borne in mind that after the defendant had taken the stand, it would have been proper for the State to have cross-examined him with reference to the verity of such a fact, although it would not have been competent at the time the witness volunteered the statement.

■ Rosa Lee Williams testified she was at the home of defendant's sister on the afternoon of the day in question and defendant told her that he had killed a man and wanted to hide his pistol. This evidence was in the nature of a confession— an inculpatory statement or admission and, of course, such statements made by a defendant, which directly relate to the fact or circumstances of the crime and his participation therein, are subject to the same rules of admissibility as direct confessions; that is, they are prima facie involuntary and inadmissible. McGuire v. State, 239 Ala. 315, 194 So. 815; Daugherty v. State, 24 Ala.App. 591, 139 So. 439. However, proof of the circumstances attending their narration, which establish the voluntary nature of the statements, is sufficient without the customary prerequisite of laying a formal predicate for their admission. Logan v. State, 251 Ala. 441, 37 So.2d 753; Reedy v. State, 246 Ala. 363, 20 So.2d 528. That situation prevails here with respect to the matter considered. The statement appears to have been entirely voluntary and it was properly ruled admissible.

■ It is insisted by counsel for defendant that the evidence which showed the defendant had committed another crime (rape of Mrs. Holley) independent of the one charged in the indictment was inadmissible. The contention is unsustainable. The acts of the defendant, though criminal in character, were part of the series of events immediately preceding and leading up to the homicide and were admissible as part of the *res gestae.* The fact that such evidence proved the defendant guilty of another crime too did not render it incompetent. Grant v. State, 250 Ala. 164, 33 So.2d 466; Parsons v. State, 251 Ala. 467, 38 So.2d 209.

Consistent with our duty in such cases, we have carefully examined the record for error prejudicial to the substantial rights of the defendant, but have discovered none. The trial court was careful to see that the defendant received a fair trial and all of his rights were carefully safeguarded.

Affirmed.

All the Justices concur.