243 So.2d 382

**A. J. TYSON**

v.

**STATE.**

**5 Div. 29.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Rehearing Denied Nov. 17, 1970.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Uxoricide, i. e. murder second degree: sentence 50 years.

I

■ Defendant and deceased were the only adults in the marital abode. One pistol bullet went in Mrs. Tyson's skull to the rear of and below the left ear ranging upward and came out in the right frontal area. There were no powder burns.[1] Mrs. Tyson was right handed.

This was enough to make out the body of the crime and the criminal agency of the defendant. Ducett v. State, 186 Ala. 34, 65 So. 351; Kozlowski v. State, 248 Ala. 304, 27 So.2d 818.

II

■ The defendant did not testify. He called Mrs. Jimmie O'Pry.

On her cross examination the record shows, in part:

"Q As a matter of fact, A. J. wasn't even in Russell County in the latter part of 1961 and 1962, was he?

"A No, he wasn't.

"Q You don't remember?

"A I do remember.

"Q Are you saying that he was?

"A I'm saying that he wasn't.

"Q Where was he?

James T. Gullage, Raymond F. Newman, Opelika, for appellant.

1. See Chapman v. State, 43 Ala.App. 689, 199 So.2d 861; State v. Truster (Mo.) 334 S.W.2d 104.

"MR. GULLAGE: Objection, your Honor. That's hearsay.

"THE COURT: Overruled.

"MR. GULLAGE: Before this question is answered, could we ask for an out of Court hearing?

"THE COURT: Overruled.

"MR. GULLAGE: We respectfully except.

"Q   Where was he? . ..

"A   In the penitentiary.

"Q   In the penitentiary?

"MR. GULLAGE: Your Honor, we'll move to exclude that answer.

"THE COURT: That's excluded, gentlemen, that he was in the penitentiary.

"Q   You know where he was, don't you?

"A   I told you I knew.

"Q   It is your own personal knowledge where he was, is that right?

"A   That's right.

"Q   Did you visit him during that time?

"A   No, sir, I did not.

"MR. GULLAGE: Your Honor, in relation to that, I would object to any further questioning by Mr. Young.

"THE COURT: Let's don't question her any more about him being in the penitentiary in the latter part of 1961. That's excluded."

In Drake v. State, 257 Ala. 205, 57 So. 2d 817, the opinion in pertinent part reads:

"After Allen testified with respect to the confession, the solicitor asked if the defendant told him anything else, evidently pursuing the inquiry with respect to the confession. The irrelevant response by the witness that the defendant said he had served a term in the federal penitentiary was immediately excluded by the court, the court stating: 'I will exclude that. This has got nothing to do with the facts in this case.' Counsel for defendant moved for a mistrial, but this motion was overruled. Much stress is laid on this ruling as error to reverse, but we have concluded, after a consideration of all the facts, that the prompt ruling of the court in peremptorily and explicitly excluding the statement of the witness fully eradicated whatever prejudice might have attended its making. Stephens v. State, 252 Ala. 183, 40 So.2d 90. It is also to be borne in mind that after the defendant had taken the stand, it would have been proper for the State to have cross-examined him with reference to the verity of such a fact, although it would not have been competent at the time the witness volunteered the statement."

Of course, here Tyson unlike Drake elected not to testify. However, in *Drake*, supra, counsel moved for a mistrial. Here such a motion was not before the court.

III

We have, under Code 1940, T. 15, § 389, considered each ruling of the court below adverse to the appellant and conclude that the judgment is due to be

Affirmed.

On Rehearing

Appellant asks us to reexamine the sentence, "There were no powder burns."

We stated that as a permissible inference for a jury to make. There are tendencies in the testimony of the surgeon, nurse, ambulance driver and assistant State toxicologist which would support the verdict with this as an implicit finding.

We view the absence of powder burns as cumulative, as distinguished from indispensable, evidence.

The application for rehearing is overruled.