270 So.2d 826

**Richard Chester GRAYSON**

**v.**

**STATE.**

**I Div. 163.**

Court of Criminal Appeals of Alabama.

Dec. 19, 1972.

J. Calvin Clay, Mobile, for appellant.

**280**

William J. Baxley, Atty. Gen. and Sarah V. Maddox, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

This appeal by appellant is from a conviction of forgery in the first degree in the Circuit Court of Mobile, Alabama, with a sentence of eight years imprisonment.

No motion was made to exclude the evidence offered by the State and no motion for a new trial was made after the verdict.

Although the sufficiency of the evidence is not challenged, the court is of the opinion from a careful consideration that the evidence offered by the State was ample if believed by the jury, as required by the rule to sustain the conviction.

 In his argument for error, the appellant first insists that the statement on direct examination of State's witness, Police Sergeant Leo Craven, that the appellant had been arrested on another case, was unresponsive to the question asked, and was so prejudicial to the rights of appellant as to cause a reversal of this case. The alleged objectionable evidence is set out in the testimony in the record as follows:

"Q. All right, sir. Now on the basis of this information what did you do, sir?

"A. Well after they made a complete identification of the pictures, the defendant was already in jail, we had already arrested him on another case.

"Q. All right, sir, . . .

"A. And . . .

"MR. GONAS: Objection to the testimony and move to exclude it.

"THE COURT: Your objection comes too late Mr. Gonas. What are your grounds for your motion to exclude?

"MR. GONAS: He was testifying to having the defendant in jail on another case and that's harmful and injurious to the defendant.

"THE COURT: I'm going to grant your motion. The jury is instructed not to consider the last statement of Officer Craven. Go ahead Mr. Graddick.

"MR. GRADDICK: All right, did you have occasion to arrest the defendant?

"A. We did."

We are aware of the principle set out in Mason v. State, 259 Ala. 438, 66 So.2d 557, wherein the court said:

"The general rule in Alabama is that evidence of distinct and independent offenses is not admissible in the trial of a person accused of a crime."

We are also aware of the fact that at times the line of distinction between erroneous testimony, the effects of which may be eradicable by instructions by the court to the jury and that which is so prejudicial to the defendant's rights, as to be irremediable is hazy and indistinct. The testimony objected to was not of a conviction or a charge of guilt of appellant but merely that some charge had been lodged against him and he had been arrested and was in jail. We have carefully studied the cases cited by the appellant and the attorney general bearing on this question. The case most supportive of appellant's view is Stain v. State, 273 Ala. 262, 138 So.2d 703, in which the Supreme Court reversed because of the unresponsive answer of a police officer of a confession made to him by appellant that he had shot somebody beforehand in Mississippi, the court holding that such statement was so injurious to the substantial rights of the defendant as to be incapable of being eradicated in the minds of the jury by the instructions of the court to the jury after sustaining the objection. We

distinguish that case on the facts from the present one.

In the case at bar we do not think that the influence of the illegal testimony heard by the jury was ineradicable. Although no motion for a mistrial or new trial was made, the court promptly responded to the motion to exclude the testimony from the jury by his instructions to the jury to that effect. The ruling was all that appellant requested from the court. In our opinion this case is governed by the principles set out in Tyson v. State, 46 Ala.App. 398, 243 So.2d 382; Dockery v. State, 269 Ala. 564, 114 So.2d 394; Dufresne v. State, 40 Ala.App. 476, 116 So.2d 385. Under Rule 45 we hold that no injury or prejudice resulted to the substantial rights of defendant in this instance.

Aside from the above, on page 67 of the transcript, it appears that this same testimony of the arrest of appellant on the 14th on another charge was brought out by appellant.

The appellant further insists that the court erred in not making a determination by hearing outside of the presence of the jury if the in-court identification of appellant by the two State's witnesses was tainted by any impermissibly suggestive conduct of the police officers at a pre-trial identification of the appellant, by photographs shown to the two witnesses. In support of this proposition the appellant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. In the trial of these cases objections were interposed to certain pre-trial procedures and those objections ruled upon by the trial court. In that respect the above cited cases differ from the one before the court. In the case at bar, no objections were interposed by either party, no motion made seeking to have a voir dire examination, outside the presence of the jury, of State's witnesses to determine if the in-court identification was tainted by any viewing of photographs before trial and no ruling of the court concerning this matter was invoked.

It is the settled law in this State that questions not raised in the trial court cannot be considered on appeal, and that the Court of Appeals can review only actions or rulings invoked and had in the trial court. The review of the lower court by this court is strictly appellate and cannot be extended to those questions not regularly or properly raised in the trial court. See Alabama Digest, Volume 7, Criminal Law, ☜1028, and 1030 for innumerable cases affirming this principle.

The appellant calls our attention to the case of the United States v. Sutherland, 428 F.2d 1152, which he alleges construes Simmons as requiring the trial court of its own initiative to examine evidence concerning pre-trial identification procedures, even when that question is not raised by any party in the case. We have carefully read Simmons, supra, and do not construe it as placing this duty upon the trial court, in the absence of some objection or motion made by some party in interest.

We are aware, of course, of the fact that it is customary, proper, and a widely used procedure when called upon to do so, for the trial court to hear testimony out of the presence of the jury to determine whether an in-court identification is in any manner tainted with some pre-trial procedures concerning the identification, (Wade and Simmons, supra), but we do not hold that the duty is absolute upon the court in the absence of some request, relative to a voir dire examination out of the presence of the jury, motion or objection made during the trial concerning testimony sought to be introduced.

The court refused twelve written charges requested by appellant. Several of these charges have been condemned by the Appellate Court and the remainder, dealing with the question of reasonable doubt, were covered by the very full and explicit charge of the court in that respect. No error appears in the court's action therein.

We have carefully considered the entire record in this cause as required by the statute governing such matters and find no instance of substantial injury to the rights of the appellant. The case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.