(78 South. 309)

THOMPSON v. STATE.    (8 Div. 570.)

(Court of Appeals of Alabama.    Feb. 26, 1918.)

CRIMINAL LAW ☞822(1)—APPEAL—SCOPE OF REVIEW—INSTRUCTIONS.

The part of the court's oral charge to the jury to which an exception is reserved must be considered in connection with the remainder of the charge, which must be considered as a whole.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Will Thompson was convicted of homicide, and he appeals.    Affirmed.

Mitchell & Hughston, of Florence, and A. H. Carmichael, of Tuscumbia, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J.    On this appeal the only error complained of related to excerpts from the general oral charge of the court, it being insisted that in these instances the court, in violation of section 5362 of the Code of 1907, charged upon the effect of the evidence. The portions of the charge excepted to are as follows:

"(1) Now, gentlemen, if Turner Hill and Clyde Wilcoxon had had a difficulty, and that difficulty had ended and was over, and the three defendants went in hunt of Clyde to renew the difficulty, and Price Hill pointed Clyde out to Turner, and Turner threw the pistol on Clyde and commenced to snap it, and Clyde grabbed Turner in the collar with one hand and caught Turner's hand that had the pistol in it with the other hand, and Parker run in and took the pistol out of his hand, and William Thompson ran in and cut Parker and he died from that cut, then they are all guilty of some degree of homicide, the degree to be determined by the jury from the facts and circumstances in the case."

"(2) Gentlemen, I want to be absolutely fair in this case. I will say here that if Clyde Wilcoxon and the defendant Turner Hill had a difficulty, and that difficulty was over, and if the three defendants did not hunt up Clyde and renew the difficulty, and if Price Hill did not point out to Turner Hill Clyde Wilcoxon, and if Turner Hill did not throw a pistol on Clyde and commence to snap it, then, gentlemen, in that event, all three defendants would not be guilty on the theory that they aided, abetted, or assisted him in it, and if Thompson did not run in where Turner and Clyde were when Clyde had hold of Turner and when Parker ran in to take the pistol away from Turner. If Thompson did not run in and cut him, then he would not be guilty."

If it be considered that the portions of the general charge above quoted, standing alone,

are subject to the criticisms insisted upon here, it would appear that whatever error there may have been in this connection, if any, was corrected when it is taken in connection with its context, the parts of the general charge which preceded and followed it, and in connection with which it was given. It has often been declared by the Supreme Court of this state and by this court that the general charge given ex mero motu by the court is to be considered as a whole, and each sentence read in the light of its context in construing and passing upon any particular part of it. It is well settled that the part of the court's oral charge to the jury to which an exception is reserved must be construed and read in connection with the other part of the charge. The charge must be considered as a whole, and each sentence read in the light of its context. Winter v. State, 132 Ala. 32, 31 South. 717; Mobile Light & Ry. Co. v. Walsh, 146 Ala. 295, 40 South. 560; Lacey v. State, 13 Ala. App. 212, 68 South, 706; Pratt Consolidated Coal Co. v. Morton, 14 Ala. App. 194, 68 South. 1015; Fuller v. State, ante, p. 163, 75 South. 879. As was said in Fuller v. State, supra:

"An isolated part of an oral charge may, if considered as standing alone, unaided by that which preceded and that which followed, be reversible error, but, when taken in connection with all the oral charge and in connection with the written charges, as we must take it, be free from error, and hence no injury would follow."

In the instant case, after a careful examination of the entire record, including the general oral charge of the court, we are of the opinion that the case was properly submitted to the jury, and without error prejudicial to the substantial rights of the defendant.

Affirmed.