(97 South. 833)

## CRIMM LUMBER CO. v. WALDEN.
### (6 Div. 973.)

(Supreme Court of Alabama. Oct. 11, 1923. Rehearing Denied Nov. 15, 1923.)

1. **Appeal and error** ⬅︎1040(6)—**Sustaining demurrers to pleas held not prejudicial error.**

Sustaining demurrers to pleas was not prejudicial error, where the pleas were either submitted to the jury or the evidence clearly showed that they were without merit.

2. **Evidence** ⬅︎493 — **Nonexpert witness may testify as to effect of rust on iron.**

In action for personal injuries from an exploding boiler, no special or expert knowledge was necessary to render competent witness' statement that rust had eaten the end off of boiler flues.

3. **Damages** ⬅︎160—**Sustaining objection to question on matter not in issue not error.**

Where plaintiff in personal injury action claimed nothing on account of liability for medical services, there was no error in sustaining objection to defendant's question seeking to elicit the fact that plaintiff had paid his physician nothing.

4. **Negligence** ⬅︎119(6)—**Where contributory negligence not pleaded, evidence thereof properly excluded.**

In a personal injury action, where there was no plea which raised the issue of contributory negligence, there was no error in refusal of evidence on such issue.

5. **Witnesses** ⬅︎236(4)—**Statements by others not within plaintiff's presence inadmissible.**

In action for injuries from an exploding boiler, a question to defendant's witness whether anybody had said anything about the boiler being dangerous was too indefinite, and not limited to anything said before the explosion or in plaintiff's presence or hearing.

6. **Trial** ⬅︎275 — **Exceptions to oral charge should be directed to court, not reporter.**

Attempted exceptions to an oral charge should be pointed out to the court, not the reporter merely.

Appeal from Circuit Court, Lamar County; T. L. Sowell, Judge.

Action for damages by McKinley Walden, by his next friend, Rillie Walden, against C. A. Crimm and others, composing the partnership of Crimm Lumber Company. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

Counts 4, 7, and 9, upon which the case was tried, are as follows:

"Count 4. The plaintiff claims of the defendants the sum of $10,000 as damages, for that heretofore, to wit, on March 26, 1918, the defendants were engaged in business in Lamar county, Ala.; that plaintiff was a servant, agent, or employee of the defendants in their said business, and while in the discharge of the duties of his said employment by the defendants, a flue door of a steam boiler or part of a flue door of a steam boiler, or some part of a steam boiler, or an iron instrument of some kind used in connection with a steam boiler, or wooden instrument of some kind, struck, fell upon or against plaintiff's left leg or thigh, and as proximate consequence thereof his left leg or thigh was bruised, shattered, torn, mangled, or lacerated, and the bone thereof was shattered or broken, and his said injuries are permanent, and, as a proximate consequence of said injuries, he suffered great mental and physical pain, and such will continue in the future.

"Plaintiff alleges that all of his said injuries and damages were proximately caused by reason of the defects in the condition of the ways, works, machinery, or plant used in or connected with the defendants' said business, which said defect arose from, or had not been discovered or remedied, owing to the negligence of the defendants, or some person in the service of employment of the defendant, and intrusted by the defendants with the duty of seeing that the ways, works, machinery, and plant of the defendants were in proper condition, namely, a steam boiler, furnished by the defendants for the purpose of furnishing steam or power for pulling, driving, or running a sawmill or plant at which plaintiff was working, was defective, and insufficient for the purpose for which it was used."

"Count 7. Plaintiff claims of the defendant the sum of $10,000 as damages, for that, on, to wit, the 26th day of March, 1918, the plaintiff was an employee of the defendants, and was

working at plaintiff's sawmill in Lamar county, Ala., and whilst in said employment a steam boiler exploded, blew up, or bursted, and the flue door of said steam boiler, or a piece of the flue door of said boiler or a metal instrument of some kind or character was blown against or upon and injured his left leg or thigh, so badly injuring him that his said thigh or leg was bruised, mangled, torn, and lacerated, and the bone thereof shattered, fractured, or broken; that the strength of his said thigh or leg was impaired; that he suffered great mental agony and physical pain; that he greatly lost his earning powers; that he was confined to his bed for a long space of time; that he was rendered sick, sore, and lame; that he is permanently injured and disabled.

. "And plaintiff alleges that it was the duty of the defendants to employ, as fellow servants of the plaintiff, men who are reasonably skilled in and about the duties they were to perform, who were competent and careful; but the defendants violated their duty to plaintiff in this respect, and negligently employed and placed in charge of said steam boiler and engine, as fireman or engineer to fire or operate said steam boiler, and at the same place or in close proximity to where plaintiff was working in the line and scope of his employment, one Hope Story, whose name is otherwise unknown to plaintiff, who was not reasonably skilled in the duties he was to perform as such fireman or engineer, or who was incompetent or careless, and plaintiff alleges that as proximate cause or result of said employment of said Hope Story, as alleged, he received the injuries above set out, and hence this suit."

"Count 9. The plaintiff, a minor under the age of 21 years, suing by next friend, claims of the defendants the sum of $10,000 as damages for that, on, heretofore, to wit, the 26th day of March, 1918, the defendants were engaged in the operation of a sawmill or manufacturing plant, for the manufacture of timber or lumber at or near Fernbank, Lamar county, Ala., and had in its employ in and about said manufacturing plant or sawmill the plaintiff, together with other employees.

"Plaintiff alleges and avers that, while engaged in the discharge of his duties within the line and scope of his employment by the defendants, he sustained the following injuries and damages, to wit: His left leg or thigh was mangled, torn, lacerated, and bruised, and the bone thereof was shattered, fractured, or broken; he was made cripple and lame; the strength of said thigh or leg was impaired; that he was emaciated; he suffered great mental agony and physical pain; he greatly lost his earning capacities; he was confined to his bed for a long space of time; he was rendered sick, sore, and lame; and that he was permanently injured; and was caused great inconvenience and annoyance.

"Plaintiff avers that his said injuries and damages were caused by the wrong and negligence of the defendants in using and operating at said plant or sawmill a steam boiler which was out of order, unsafe, and unfit to be used in said business; all of which was unknown to McKinley Walden, the plaintiff, and which, but for the want of proper care and diligence, would and ought to have been known to said defendants, and hence this suit."

Defendant's plea 3 is as follows:

"(3) For further pleas, to the plaintiff's complaint, the defendants say that before this action was commenced they paid the plaintiff, or paid for the use of the plaintiff, the sum of $242 for medical attention and doctor's bills, and the sum of $350 in money and groceries, a total of, to wit, $592, and the defendants aver that the said sum of money was accepted by the plaintiff in full settlement and satisfaction of all demands or claims of the plaintiff, by reason of damages or injuries received, the basis or foundation of this suit."

The following, made the basis of the 19th assignment of error, appears from the bill of exceptions:

"Counsel for the defendant asked the witness (Walden) the following question: 'On the occasion when the boiler exploded, did Smith tell you to go and fix the chain on the feed, the chain that runs the feed?'"

The plaintiff objected on the ground that the question was irrelevant, incompetent, immaterial and illegal. The objection was sustained, and the counsel, Mr. Windham, for defendant made the following statement to the court, in the presence of the jury:

"We propose to show Smith had superintendence over this man, this man running the saw, and he told this boy to go fix the chain that runs the feed, and in place of that he went down there fooling around, and wasn't on his job as he was instructed to be. We offer to show these facts."

Festus F. Windham and W. M. Adams, both of Tuscaloosa, for appellant.

Counts 4, 7, and 9 were subject to demurrer. Woodward Iron Co. v. Nunn, 204 Ala. 190, 85 South. 485; Seaboard v. Woodson, 94 Ala. 143, 10 South. 87; Jackson Lbr. Co. v. Lawford, 204 Ala. 83, 85 South. 262; H. A. & B. Ry. Co. v. Dusenberry, 94 Ala. 413, 10 South. 274; Laughran v. Brewer, 113 Ala. 509, 21 South. 415; Freeman v. S. S. S. & I. Co., 137 Ala. 481, 34 South. 612; Bank v. Chandler, 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39; Penn Coal Co. v. Bowen, 159 Ala. 165, 49 South. 305; T. C. I. Co. v. Bridges, 144 Ala. 229, 39 South. 902, 113 Am. St. Rep. 35; Robinson Min. Co. v. Tolbert, 132 Ala. 462, 31 South. 519. Demurrer to plea 3 was erroneously sustained. Karter v. Fields, 140 Ala. 352, 37 South. 204. Defendant should have been allowed to ask plaintiff if he did what Smith told him to do. Going v. So. Ry., 192 Ala. 665, 69 South. 73; Laughran v. Brewer, supra; St. L. & S. F. v. Sutton, 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366; Freeman v. S. S. S. & I. Co., supra.

Norman Gunn, of Jasper, W. S. McNeil, of Fayette and Kelley & Sims, of Vernon, for appellee.

Counts 4, 7, and 9 were not demurrable. St. L. & S. F. R. R. Co. v. Phillips, 165 Ala.

504, 51 South. 638; Jackson v. Cunningham, 141 Ala. 206, 37 South. 445; Sloss-S. S. & I. Co. v. Terry, 191 Ala. 476, 67 South. 678; A. G. S. R. R. Co. v. Davis, 119 Ala. 572, 24 South. 862; Jackson Lbr. Co. v. Cunningham, 141 Ala. 206, 37 South. 445; Huyck v. McNary, 163 Ala. 244, 50 South. 926; St. L. L. & S. F. Ry. v. Sutton, 169 Ala. 389, 55 South. 989, Ann. Cas. 1912B, 366; Pell City v. Carper, 172 Ala. 532, 55 South. 214; Little Cahaba Co. v. Gilbert, 178 Ala. 515, 59 South. 445; Wilson v. Gulf S. S. Co., 194 Ala. 311, 69 South. 921; L. & N. v. Cook, 168 Ala. 592, 53 South. 190. The complaint shows that appellee was a minor, and any settlement made with him without the appointment of a guardian, to whom the amount was paid, would not be binding on appellee. Collins v. Gillespy, 148 Ala. 558, 41 South. 930, 121 Am. St. Rep. 81; Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Eureka Co. v. Edwards, 71 Ala. 257, 46 Am. Rep. 314; Bell v. Burkhalter, 176 Ala. 62, 57 South. 460.

SAYRE, J. The action is for damages for personal injuries suffered by plaintiff while in the employment of defendants, appellants. Plaintiff was injured by the explosion of a boiler in use at the steam sawmill where he was employed. The case went to the jury on counts 4, 7, and 9 of the amended complaint, framed, respectively, (4) under subdivision 1 of the Employers' Liability Law, section 3910 of the Code, charging a defect in the boiler; (7) under the common law, charging that defendants employed an incompetent fellow servant, the fireman or engineer in charge of the boiler, whereby plaintiff received his injuries; and (9), under the common law, charging that defendants negligently used a boiler "which was out of order, unsafe, and unfit to be used." Pleas allowed were the general issue and payment of a sum accepted by plaintiff in full satisfaction of his claim. The sufficiency of these counts is well sustained by the authorities. Our judgment is also that the evidence warranted the submission of the issues made under each of them to the jury, and, of consequence, that the general charge requested as against each of them was properly refused.

[1] The demurrer to plea 3, in which defendants alleged that they had paid, and plaintiff had accepted in full satisfaction of his claim, a sum named in the plea, should have been overruled so far as the plea undertook to answer counts 4 and 7. As an answer to count 9 the plea was insufficient, because in that count it is alleged that plaintiff was a minor at the time of suit commenced. But not so as to counts 4 and 7. However, evidence on the issue tendered by this plea was taken, and the issue submitted to the jury for decision as an answer to the complaint; that is, without restricting its application to the case made by count 9, and our judgment is that, in these circumstances, the error shown should not be allowed to work a reversal—that the error was without injury.

Likewise, the plea of the statute of limitation of one year, substantially in Code form, was a good plea; but the evidence on both parts showed without conflict that plaintiff's action was not barred, and no harm resulted from the ruling by which the plea was held to be insufficient.

Plea 5 had several faults, but it is enough to say that, defects apart, it was tantamount to the general issue. The demurrer was properly sustained; but, had the ruling been otherwise, it would not have materially helped the defense.

[2] The witness Partin was qualified by practical experience to answer the questions propounded to him concerning the condition of the boiler when he sold it to defendants about a year before it exploded. Ala. Consol. Coal & Iron Co. v. Heald, 168 Ala. 626, 643, 644, 53 South. 162. So, also, as to the witnesses Sprouse and Johnson. Of that part of the testimony of Sprouse to which exception was reserved it may be further said that no special or expert knowledge was necessary to render competent his statement that rust had eaten the end off of some of the boiler's flues, while as for Johnson we incline to construe his answer as a declination to answer, in which event, of course, no harm was done.

[3] Plaintiff claimed nothing on account of liability for medical services, and therefore there was no error in sustaining his objection to defendants' question (assignment of error 16), which sought to elicit the fact that plaintiff had paid his physician nothing. That matter was not in issue between the parties. As for the rulings made the subject of assignments 17 and 18, whether or not on issues properly formed defendants should have had the benefit of the payments here inquired about, the fact was that these payments were subsequently shown without contradiction, and of the rulings assigned for error, defendants, appellants, have now no substantial cause of complaint.

[4] Statements made by counsel to the court show that, by their question to plaintiff testifying as a witness in his own behalf (assignment of error 19), defendants sought to show that plaintiff was not acting within the line and scope of his employment at the time of his injury; but the facts which defendants stated they proposed to prove would not have taken plaintiff without the protection due him as an employee. Such facts, coupled with facts going to show that plaintiff's noncompliance with Smith's order caused the injury complained of, may have shown plaintiff's contributory negligence; but there was no plea raising that issue; hence there was no error in the ruling.

Assignments 20, 22, and 25 have in principle been disposed of by rulings heretofore stated.

[5] There was no issue made in the pleadings to be elucidated by defendants' question to their witness Seay, viz.: "Had anybody said anything about it"—meaning the boiler—"being dangerous?" Besides, the question was entirely too indefinite—was not limited to anything said before the explosion or in the presence or hearing of plaintiff.

It may be doubted that assignment 23 is argued in the brief. There is hardly more than a restatement of it. But, however that may be, the occasion for plaintiff's leaving defendants' service months after his injury was irrelevant to any issue in the cause.

We hold that the question made the subject of assignment 24 was answered in substance, and as well as the witness knew.

[6] No sufficient exceptions were reserved to the court's oral charge. The attempted exceptions should have pointed out to the court—not the reporter merely—the specific propositions of the charge to which defendants reserved their exceptions. This was not done.

It only remains to be said that there was no error in overruling defendants' motion for a new trial, based upon the propositions hereinbefore considered.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.