189 So. 214

### PRIDMORE v. STATE.

6 Div. 303.

Court of Appeals of Alabama.

Feb. 7, 1939.

Rehearing Denied April 4, 1939.

Beddow, Ray & Jones, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The homicide in this case grew out of a difficulty between two young men on Christmas Eve night. There were no eye witnesses to the difficulty at the time the fatal blow was struck, but there were many witnesses testifying to facts leading up to the actual homicide; beginning with an altercation inside of a beer saloon and continuing outside of the place where it started. There was much testimony as to how the difficulty began, and how it proceeded. This much, however, is without controversy; that is, that the two young men left the beer parlor or saloon, as it was called, went off some distance; the deceased was cut with a knife, rushed back into a barber shop, where he fell from loss of blood; that he was taken to a hospital and died about ten o'clock that night.

The plea was self defense. The testimony of the defendant, testifying in his own behalf, tended to prove this plea; but, under all of the evidence, the question of the guilt, vel non, of the defendant was one of fact for the jury. The charge of the court as to the various degrees of homicide was fully and ably presented to the jury by the court, as was the plea of self defense; and, under the facts, it was for the jury to determine whether the defendant was guilty of the homicide, or whether he should be acquitted entirely.

In his charge to the jury, on the plea of self defense, the court said: "When the evidence tends to show that there was a present necessity on the part of the defendant to take life, and that there was no reasonable mode of escape, the burden is on the State to show by the evidence that the defendant was at fault in bringing on the difficulty. Before this defense of self defense can avail the defendant to the point of justification he must have been free from fault in bringing on the difficulty." Not being satisfied with this part of the charge of the court, the defendant requested the court, in writing, to give to the jury the following charge: "I charge you that the burden is upon the State to prove from the evidence, beyond all reasonable doubt, that the defendant was not free from fault in bringing on the difficulty." This is a correct abstract statement of the law, but in the form in which it was requested it is misleading in that it fails to state the conditions under which the State is called upon to prove freedom from fault. When such a charge is requested, in writing, it must be coupled with impending peril to life or limb, and the inability to flee without an increase of peril.

In passing upon a charge almost identical with refused charge 2, hereinabove quoted, the Supreme Court said: "They [it] were [was] misleading, in not stating the conditions under which the state is called on to prove freedom from fault." Crumpton v. State, 167 Ala. 4, 12, 52 So. 605, 608, and authorities there cited.

Refused charge 20, while ascertaining a correct proposition of law, was fully covered by the court in his very exhaustive charge to the jury. Appellant insists that the trial court was confused in its statement of the law; but, as we read the charge, we find no such confusion.

Refused charge 22 was, also, covered by the court in its oral charge. The court in charging the jury on this phase of the case said, in speaking of the essential elements of self defense which are: "First, that the defendant must have been free from fault in bringing on the difficulty; and second, that there must have been a present impending peril to his life or danger of great bodily harm either near or so apparent as to impress upon the mind of a reasonable person a reasonable belief of an existing necessity to take life; and third, there must have. been no reasonable mode of escape from the present injury without increasing the danger to the defendant." The appellant insists that in using the word "must" the charge of the court was too harsh. The statement of the law by the trial judge is here approved as being the law in this State.

In his opening argument to the jury, the assistant solicitor stated, while pointing his finger at the defendant: "I wonder where your brother is now." There was some evidence in the case tending to prove that 'the defendant's brother went out of the saloon with the defendant, and the jury might have drawn an inference that he accompanied his brother for the purpose of aiding him in the fight which was pending between the deceased and the defendant. The remark of the assistant solicitor, while drawing attention to the fact, was not of sufficient importance to warrant a reversal of this case.

Arguments of counsel in the presentation of their cases to the jury should be confined to the evidence and inferences to be drawn therefrom, but a disconnected side remark, such as is here presented, cannot be made the basis of· a reversal. Supreme Court Rule 45.

There were a number of objections and exceptions to testimony which we do not discuss in detail, many of these arose on cross-examination, where the discretion of the court is very large. The other rulings upon the admission of testimony were without prejudicial error. We have examined all of these exceptions, as is required by the statute, and in them we find no reversible error.

The defendant has .had a fair and an impartial trial under a comprehensive clear exposition of the. law by the court.

There is no reversible error.

Let the judgment be affirmed.

Affirmed.