22 So.2d 905

### HENSON v. STATE.

### 7 Div. 783.

Supreme Court of Alabama.

June 21, 1945.

Rehearing Denied July 26, 1945.

See also 31 Ala.App. 296, 15 So.2d 339.

John R. Robinson and Roy D. McCord, all of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BROWN, Justice.

The appellant Thomas Collins Henson was indicted, tried and convicted of murder in the first degree under indictment charging that he unlawfully and with malice aforethought killed Clyde Alexander Clayton by cutting him with a knife or some other sharp instrument, a better description of which is to the grand jury unknown. The trial resulted in verdict of guilty, fixing punishment at life imprisonment, followed by the sentence of the law pronounced by the court, in accordance with the verdict of the jury. From that judgment he has appealed.

The evidence is without dispute that said defendant in one and the same rencounter cut the throats of said Clayton and his father Milt Clayton, which, according to

the voluntary confession of the defendant, occurred while the three were sitting in the automobile of Milt Clayton. The only evidence showing the details of this occurrence is found in the defendant's confession which in part is as follows: "We sat around there a little bit and an argument came up. I was sitting behind them, right in the middle of the car, on the back seat. Old man Clayton was on the front seat on the right. Clyde was under the steering wheel. He had been doing the driving. We was drinking in the car while we was stopped. I had the bottle when we first stopped. Clyde took a drink and passed it to the old man, and he said something about me looking like Webb Bradford. The old man told me that. I said, 'I resent that.' I thought he was just kidding. The old man didn't take a drink, but he took the bottle and hit me with it right here on the forehead. He had the bottle in his right hand. He told Clyde, 'We'll get that thing we had for Webb Bradford.' They had been talking about a pistol, but I never did see a pistol at any time during the trip. I was fixing to knock off the lick the old man was fixing to hit me. Clyde reached for my right hand. He skinned it there where those scratches are. When Clyde grabbed my hand, I said, 'turn me loose,' and jumped back as far as I could, and reached my hand in my pocket, my left trousers' pocket and got my knife. It was not open when I got it out. The knife was an old, long-bladed Barlow-Remington Knife, I didn't have a switch on it, but it was easy to open. I opened it on my leg, like that, with my left hand. I cut the old man with my left hand, then I grabbed my hand away from Clyde and changed hands with the knife right quick and cut Clyde * * *. They were striking at me with the bottle—the old man was. * * * I wish I had jumped out and run when he hit me with that bottle if I could have got out."

According to this confession this killing occurred on or near the brow of the mountain above Gadsden in Etowah County, Alabama, a short distance from Noccalula, Falls, but there is evidence going to show that near the time the confession shows the killing occurred defendant was observed by one of the state's witnesses in Clayton's automobile stalled on the side of the road leading to the top of the mountain, trying to start the automobile while seated on the front seat, and was foaming at the mouth and uttering "Lord, Lord," and looking toward the back seat, and also down at the floor of the car in front. This evidence had some tendency to show that the killing occurred elsewhere and the bodies were being carried near the point where they were dragged and thrown over a ledge of rock some two or three feet in height, which obscured the bodies from sight of persons using the road that ended and turned at this point. The bodies were some seventy-five feet or more from the turn in the road. The throats of both men were cut from ear to ear. The defendant went back to the falls, removed his shirt and undershirt and concealed them under water, and concealed his trousers in a paper sack thrown in the weeds along the railway track. He directed the law officers to the point where these things were concealed and they recovered them.

■ The appellant first insists that the court erred in not excluding from the jury the statement the solicitor made in his opening argument, referring to the defendant, "and on his hands was the blood of two men." on the ground "that the defendant was being tried for killing but one man, Clyde Clayton."

The solicitor was within the bounds of legitimate argument under the facts of this case and the ruling of the court was free from error. The authorities cited by the appellant in support of his contentions have been examined and they are regarded as inapt. The killing of Milt Clayton was by defendant, in the same fight in which he killed Clyde, and the evidence showing Milt's death sheds light on the killing of Clyde.

The appellant next insists that the oral charge of the court was omissive in charging on the doctrine of self-defense, "in that the charge emphasized active impending imperious necessity to strike in order to save himself from death or great bodily harm," and minimized the doctrine of apparent necessity. The statement as to actual necessity was immediately followed by the further statement that such necessity must be "either real or apparent," and these terms were fully defined in the oral charge.

■ Moreover, this case was tried after the passage of the act approved July 12, 1943 abolishing bills of exception, and the writer is of opinion that no provision is made in said act (Acts 1943, p. 423, Code 1940, Tit. 7, §.827(1) et seq.) for making an exception to the oral charge of the court,

or any part thereof, a part of the record, as was done by § 820, Tit. 7, Code 1940. A majority of the Justices in conference have ruled that Section 1 of the act, which provides inter alia, "The court reporter shall then promptly transcribe the evidence, including objections, oral motions and rulings of the Court, certify to it and file it with the Clerk," is broad enough to cover an exception reserved to the oral charge of the court. The writer's view is that an exception to the oral charge of the court is not an "objection" within the meaning of this clause of the statute, nor is it an oral motion. An exception to the oral charge, ordinarily, does not invite a ruling by the court.

Prior to the passage of the Act of 1943 exception was authorized to be taken "to a particular, exactly designated statement of the judge" in the presence of the jury and before they retire, and this was made a part of the record by bills of exception. Birmingham Ry., Light & Power Co. v. Friedman, 187 Ala. 562, 570, 65 So. 939, 941; Ex parte Cowart, 201 Ala. 55, 77 So. 349; Hayes v. Solomon, 90 Ala. 520, 7 So. 921; Sovereign Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78; Crimm Lumber Co. v. Walden, 210 Ala. 323, 97 So. 833.

The oral charge of the court, taken as a whole viewed in the light of the evidence, clearly stated the doctrine of apparent necessity, and this principle was most favorably, to the defendant, stated in his requested and given charges which we have designated "2" and "3." O'Rear v. State, 188 Ala. 71, 66 So. 81.

The appellant also complains of the following excerpt from the oral charge: "The law is so jealous of the taking of human life that it carefully defines self-defense, and requires of one who undertakes to justify his acts under the doctrine of self-defense, three things: first, he must have been free from fault in bringing about the difficulty. I said free from fault; not partially free; not reasonably free; but free from fault in bringing about the difficulty." This is a clear and correct statement of the law. Langham v. State, 12 Ala.App. 46, 68 So. 504; Brewer v. State, 160 Ala. 66, 49 So. 336; Reese v.

State, 135 Ala. 13, 33 So. 672; Stallworth v. State, 146 Ala. 8, 41 So. 184.

The burden is on the state to show that the defendant was not free from fault, or was at fault in bringing on the difficulty, Pugh v. State, 132 Ala. 1, 31 So. 727, but this burden does not arise until defendant offers some evidence that he was in peril of losing his life, or suffering great bodily harm, and had no reasonable avenue of escape. Holmes v. State, 100 Ala. 80, 14 So. 864; Ellis v. State, 120 Ala. 333, 25 So. 1; Pridmore v. State, 28 Ala.App. 478, 189 So. 214, certiorari denied 238 Ala. 138, 189 So. 216. Moreover, the defendant's confession, the basis of his claimed self-defense, though it was offered by the state, shows that he was not free from fault, in that he stated to Milt Clayton when Milt remarked that defendant looked like Webb Bradford, "I resent that." That was said by defendant immediately before Milt Clayton showed any anger or made any effort to strike defendant in the face with a pint bottle.

Refused charge, the basis of appellant's proposition five, which we have designated "5" on the record, is not an exact correct statement of the law. It substitutes for impending peril to life or limb, "an immediate impending and reasonable belief" of such peril, not predicated on the evidence, and is calculated to confuse.

Other charges treated by appellant in brief were fully covered by the court's oral charge.

The foregoing covers the insistences made in brief filed by appellant.

We have examined the several refused charges not specifically insisted upon and find that those which state correct principles of law were fully covered by the oral charge of the court and charges given at defendant's request, and that no error intervened in their refusal. Scott v. State, 211 Ala. 270, 100 So. 211.

The defendant's motion for new trial was properly overruled.

Affirmed.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.