42 So.2d 594

**WILLIAMS v. STATE.**

**6 Div. 635.**

Court of Appeals of Alabama.
April 12, 1949.

Rehearing Denied May 3, 1949.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Upon an indictment charging murder in the first degree this appellant was convicted of murder in the second degree and sentenced to the penitentiary for a term of ten years.

The evidence presented by the State was abundant in its tendencies supporting the verdict of guilty.

However, it appears that at the request of the State the court gave to the jury the following two written charges:

"1. I charge you, Gentlemen of the Jury, that it is the law that no person shall carry a pistol concealed on or about his person except in his place of abode or fixed place of business, without a license therefor.

"2. I charge you, Gentlemen of the Jury, that if you believe from the evidence that the defendant committed a crime of violence and was armed with a pistol and had no license to carry the same, that is prima facie evidence of his intention to commit said crime of violence."

These two charges, identical in verbiage, and likewise identical even as to numbering, were the subject of the following observation in the case of Wright v. State, 252 Ala. 46, 39 So.2d 395, 396, decided by our Supreme Court on March 17, 1949: "Written charges 1 and 2, given at the request of the State, should not have been given, although we do not base our reversal of the cause on that action of the court. Charge No. 1 is not even a correct statement of an abstract principle of law. It applies the provisions of § 175, Title 14, Code 1940, to all persons, which, of course, includes those expressly exempt from the requirements of said section by the terms of § 176, Title 14, supra. Charge No. 2 was no doubt intended to bring to the attention of the jury the provisions of § 173, Title 14, Code of 1940. But as written we think it is misleading and confusing. For

Richard L. Williams, pro se, and Ray & Giles, of Birmingham, for appellant.

412

instance, it refers to a crime of violence but does not define such a crime."

 The above comments, by our Supreme Court, relative to these two charges, in our opinion, compels a reversal of this cause. Certainly as to charge 1, which is characterized as "not even a correct statement of an abstract principle of law" no other conclusion can be reached. Such characterization precludes entirely consideration, in connection with said charge, the appropriateness, if any, of the application of the principle that one cannot complain of a charge asserting a correct proposition, but which is objectionable for abstractness, generality, or misleading tendencies, in the absence of requested explanatory charges. See 6 Alabama Digest, Criminal Law, ⊜ 825(1) for cases enunciating this latter principle.

Nor do we think that the giving of this charge can be considered as not probably injurious to the substantial rights of the accused.

The evidence presented by the State shows, without dispute, that this appellant did not have a license to carry the pistol which he did carry on the occasion of this homicide.

The tendency of this charge was therefore to brand this appellant as a violator of our statutes relative to the carrying of weapons.

The legality of accused's conduct in carrying a weapon owned by him, which weapon is used by him in committing a homicide, can in nowise tend to shed light on the issues of whether the homicide was unlawful, or justifiable. On the other hand, the prejudicial effect of burdening an accused with the status of being a breaker of laws, where such status is entirely irrelevant to the issues or charge on which he is being presently prosecuted, is obvious.

Numerous other points are argued by counsel for appellant. There is little likelihood that they will arise in another trial of this case. We reserve consideration of them, and refrain from discussion, since as before stated, a reversal is already clearly

necessitated by the giving, at the request of the State, of charge 1, and probably also by so giving charge 2.

Reversed and remanded.

BRICKEN, P. J., not sitting.