58 So.2d 646

**WILLIAMS v. STATE.**

6 Div. 94.

Court of Appeals of Alabama.
Feb. 20, 1951.

Rehearing Denied March 13, 1951.

Hugh A. Locke and Winton G. Wilson, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

On an indictment charging murder in the first degree the accused was convicted of murder in the second degree and sen-

tenced to serve fifteen years in the State penitentiary.

This is the second time this case has been before this court on appeal. See 34 Ala.App. 410, 42 So.2d 594.

According to the testimony of State's witnesses, after dark in the late afternoon, the appellant was on the sidewalk of a street in a residential section of the City of Birmingham. His demeanor was peculiar and he appeared to be intoxicated. The deceased, Mr. Hobgood, and his eight year old niece, while en route to a drug store, observed the appellant as they neared him. Mr. Hobgood inquired of the defendant if he was not there for the purpose of "molesting" the lady occupants of houses nearby, and told him that he had better go on home. At this time, and while the decedent was holding his niece's hand, the appellant shot Mr. Hobgood with a pistol. There were two discharges from the gun. The second rapidly succeeded the first. Apparently only one load struck the deceased. Death from the inflicted wound ensued forthwith.

The appellant admitted that he shot Mr. Hobgood, but claimed the necessity arose under the doctrine of self defense. In this aspect he testified that the decedent was in the act of attacking him with an open pocket knife. He stated also that he was not intoxicated, and the only purpose of his presence there was that he was journeying on his usual route from his office to his home.

This is a scant delineation of the evidence but it is sufficient for the purpose of this review.

There were very few objections interposed during the time the testimony was being taken. We have, with the required care, considered each ruling relating thereto, and we do not find harmful error in any of them.

A response to these matters would not be of any value, since the presented questions relate only to elementary rules of evidence.

At the beginning of the trial proceedings, appellant's attorney asked the prospective jurors this question:

"Has any one of you got any personal feeling with reference to Mr. Williams who is a lawyer and has been a lawyer here for a long time, and during the years have you any opinion against him or favorable to him; have you any fixed opinion against him, anything that you have heard or known during the years that would affect your verdict adversely or favorably,—if there is, let us know?"

Immediately following the query the record discloses the following:

"The only response to this question was from one juror, Mr. Arthur B. Curtis, who stated aloud in the presence and hearing of all the other prospective jurors: 'Your Honor, I want to say this,—if there is any whiskey mixed up in this inquiry I am for conviction.' After this statement by said juror the following proceedings were had:

"Mr. Ray: Your Honor, I think it is my duty at this time to make a motion to this Court: In view of the statement made by Mr. Curtis, and the nature of his statement, it is such that this jury couldn't be fair to the defendant in this trial; and I move that the jury be discharged and that we not proceed with this case on that account. It is an unusual statement and might embarrass the rest of them.

"Asst. Sol. Deason: Judge, I don't think that would cause this defendant any embarrassment. This gentleman inadvertently expressed his own feeling.

"The Court: I am going to eliminate Mr. Curtis from the jury at this time; and I want to say that the statement he made,—I regret that he made it, because under the law the case will be tried according to the evidence, and it must be tried on the evidence presented and according to the law that the Court gives you in its charge. It must be tried on the evidence, and it must be tried according to the law that the Court will give you in his charge, —the law that governs the case; that's the only thing anybody should conscientiously and honestly consider in the

trial of this case. And, Mr. Curtis, I am satisfied, didn't mean what he said, because I think Mr. Curtis would be governed by the rules of the Court and the law and the evidence; but at the same time, under the circumstances —I don't want to embarrass Mr. Curtis —but I am going to ask him to come and sit inside the rail, and I will elim-inate him from this jury. And, gentlemen, you will not under any circumstance let the statement of Mr. Curtis have any weight whatever with you in the outcome of this case. It shouldn't reflect on your intelligence and your honor. I wouldn't let you sit on this case if I had any doubt about that.

"Mr. Ray: What is your ruling on my motion?

"The Court: I overrule your motion.

"Mr. Ray: We reserve an exception. We are ready to proceed."

It is insisted that the judgment below should be reversed because of the court's ruling as indicated in the above quotation.

In reviewing the question we must accord due deference to the judgment of the trial judge. He was on the scene and saw and heard all that transpired. He was in a position to evaluate the nature and purport of the occurrence. Much must be left to his discretion in denying the motion.

It is not altogether clear just what the prospective juror meant by his reply to the quoted question. Without doubt it was a remark coming from a person who entertained extreme views on the matter to which his reply related.

The juror was excused and, if any injury inured to the rights of the accused, it would have to be predicated on the impression this remark made on any other juror or jurors who were selected to try the case.

The writer authored the opinion for this court in the recent case of Usrey v. State, 35 Ala.App. 434, 48 So.2d 443. I had this to say:

"Generally speaking, a mistrial is no trial. If, because of something that transpired or occurred during the progress of the trial, it is made clearly to appear that justice cannot be done, the proceeding should be discontinued and a mistrial ordered.

"It is often difficult to decide whether or not the substantial rights of a party litigant have been injuriously affected by some event, incident, or happening which transpired during the progress of a trial.

"The courts recognize that some occurrences, by their very nature and import, are so grossly improper and highly prejudicial to the rights of the accused that neither retraction by counsel nor action by the trial court can destroy their sinister influences. Under these circumstances, the only proper course left to the trial judge is to declare a mistrial if the appropriate request is made. This action should be taken if the judge is convinced that the prejudicial matter which was injected into the proceedings will probably affect the verdict of the jury and deny to the defendant a fair and impartial trial."

In the case of McGuire v. State, 239 Ala. 315, 194 So. 815, while the jury was being qualified to try the case, one of the number asked to be excused for the reason that he thought the defendant was guilty. This was said in the hearing and presence of the prospective jurors. The court refused to charge error on account of the action of the court below in denying the defendant's request for another panel from which to select his jury.

We think because of its import and directive application this assertion was more damnifying than the statement of instant concern.

Counsel for appellant in oral argument and in brief lays much stress on the doctrine that when matters of this kind arise it is not necessary to show that the occurrence controlled or determined the verdict of the jury, but rather whether or not the verdict *might* have been affected by it.

In applying this rule, the court should consider the significance, nature, and purport of the statement and then review it on the basis of how it might affect or influence men of ordinary impressionability.

There is no indication that the verdict was affected. Under the State's evidence the jury would have been authorized to find the defendant guilty of murder in the first degree. The imposed punishment was only five years above the minimum for murder in the second degree.

Out of deference to the labors of counsel in preparing a very able brief, we will review and briefly discuss some of the authorities upon which he relies.

In Driver v. Pate, 16 Ala.App. 418, 78 So. 412, the sheriff discussed the case with some of the jurors while they were deliberating. This, together with other circumstances, influenced this court to hold that a mistrial should have been ordered.

The sheriff made a damnifying remark to a juror who was selected to try the case in Lakey v. State, 18 Ala.App. 442, 93 So. 51. We gave emphasis to the fact that the accused was on trial charged with killing a member of the sheriff's official family. We pointed out also that the office of sheriff ordinarily carries with it great influence in matters relating to criminal prosecutions.

In the case of Lauderdale v. State, 22 Ala.App. 52, 112 So. 92, the very vile contumely was directed at the defendant. This, and other unbecoming and out-of-place remarks and indecorous behavior in the court room, caused us to hold that under such conditions and circumstances the accused could not be accorded a fair trial.

In Roan v. State, 225 Ala. 428, 143 So. 454, 460, a person said to one of the jurors: "He will get it poured into him now." It appears that this remark was made by a brother-in-law of another juror.

The Supreme Court held that a motion for a new trial should have been granted on this account. It was decided, also, that the evidence did not sustain the verdict of murder in the first degree. There is an indication here of the conclusion by the court that the indicated incident did affect the verdict of the jury. In any event, we think that the case at bar presents quite a different situation and it is not controlled by this case.

In the case of Hammond v. State, 26 Ala.App. 391, 160 So. 900, the defendant was on trial for murder. The mother of the decedent made the outburst of grief and lamentation set out in the opinion. It should be observed that we noted the fact that the trial judge took no action to attempt to eradicate the impression from the minds of the jury.

See, Hanye v. State, 211 Ala. 555, 101 So. 108.

In the recent case of Usrey v. State, supra, the jury was informed of a pending indictment against the accused charging him with perjury. This was a finding of an inquisitorial body whose duty it was to support the indictment with legal evidence. The disclosure of this grave charge placed the accused at a very serious disadvantage when his claim of innocence depended so much on his own testimony.

We are clear to the conclusion that we should not base reversible error on the matter of instant concern.

Exceptions were interposed to a portion of the court's oral charge. We have given due consideration and study to this question. The court gave a very able and comprehensive oral charge. He instructed on the doctrine of self defense with care and clearness. Taking his charge in its entirety, together with the given written charges, we are clearly convinced that the substantial rights of the accused were not impaired in any manner by the excerpt to which the exception was directed. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Thompson v. State, 16 Ala.App. 393, 78 So. 309.

We come now to review the written charges which were refused to the defendant. There are 69 of these. To avoid extending this opinion to undue length, we will make our discussions very brief.

The defendant was not due the affirmative charge.

The verdict of the jury obviates a consideration of instruction numbered 44.

The following charges were substantially covered by the oral charge or written instructions given at appellant's request: 21, A, A–5, H–8, 22–S, 31.DD, 32E.E., 35.C–C., and 39 F.F. Title 7, Sec. 273, Code 1940.

■ Charges 49, 52, 55, C, D, J, J(a), K, 1–9, P, U, 3M, D–4, K–11, 18.R, 19.T, G–7, H, 26.Z, 34.G.G, Q, and 38 H.H. are either invasive of the province of the jury or argumentative.

■ The following charges are abstract: 54, 68, 69, N, S, and (2) N.

■ The authorities are committed to the view that it is not reversible error to refuse a charge which merely states an abstract principle of law without containing instructions as to the effect such doctrine has upon the issues involved in the case. Smith v. Lilley, 252 Ala. 425, 41 So.2d 175; Ott v. State, 35 Ala.App. 219, 46 So.2d 226.

The following charges come under the influence of this rule: R, W, x, and 25–A.A.

■ Charges 40, 67, and 7(P) are in duplication in effect. It appears that the instruction in the form here found is no longer approved. This is illustrated in the recent case of May v. State, 253 Ala. 517, 45 So.2d 698.

■ Charge 42 was given the approval of this court in Crisp v. State, 21 Ala.App. 449, 109 So. 282. However, this holding was not followed in Murphy v. State, 22 Ala.App. 163, 113 So. 623, and the Crisp case in this aspect was expressly overruled. Subsequently we have disapproved the charge. Stover v. State, 24 Ala.App. 596, 139 So. 573; Crumbley v. State, 26 Ala. App. 24, 152 So. 55; Pratt v. State, 27 Ala.App. 301, 171 So. 393.

Charge 47 is substantially similar to the charges condemned in Gaston v. State, 161 Ala. 37, 49 So. 876; Bluett v. State, 151 Ala. 41, 44 So. 84; Pridmore v. State, 28 Ala.App. 478, 189 So. 214.

■ The appropriate hypothesis for a requested charge in a criminal prosecution is "if the jury believe from the evidence." Wesson v. State, 251 Ala. 33, 36 So.2d 361; Bush v. State, 211 Ala. 1, 100 So. 312.

■ Charge 51 is faulty on this account.

■ Charges 63, V, J–10, and I omit to set out the essential ingredients of self defense; that is to say, they refer a question of law to the jury. Peel v. State, 144 Ala. 125, 39 So. 251; Willingham v. State, 130 Ala. 35, 30 So. 429; Smith v. State, 130 Ala. 95, 30 So. 432; Bone v. State, 8 Ala.App. 59, 62 So. 455; Pounds v. State, 15 Ala.App. 223, 73 So. 127; Chappell v. State, 15 Ala.App. 227, 73 So. 134.

The following charges do not contain all of the essential elements of the doctrine of self defense: E, F, C–3, and 6(Q).

■ Charge G omits to predicate the defendant's honest or bona fide belief, as a reasonable man, of imminent, impending danger. Ragsdale v. State, 12 Ala.App. 1, 67 So. 783.

■ Charge O omits to state that the inconsistent or contradictory statements must relate to material facts.

■ Charge E–5 is not based on the evidence in the case. Edwards v. State, 205 Ala. 160, 87 So. 179; Morgan v. State, 35 Ala.App. 269, 45 So.2d 802.

We reviewed the question of the refusal of Charge 32 in Bankhead v. State, 33 Ala. App. 269, 32 So.2d 814. This charge is identical to Charge 8–O in the case at bar.

■ Our construction of Charge (11) B.B. is that the defendant's words, conduct, or deeds must have been done with the intention of provoking the difficulty. This is not the law. It is required that the accused should be mindful of the probable consequence of his words or acts. "He must have been free from all fault, or wrongdoing, which had the effect to provoke or bring on the difficulty." Madry v. State, 201 Ala. 512, 78 So. 866, 868.

■ Charge 20–V clearly was refused without error.

■ Charges 20–Y and 21–U contain errors in verbiage. This was likely due to the fault of the typist. However, we are not authorized to charge error for their refusal. York v. State, 34 Ala.App. 188, 39 So.2d 694; Jones v. State, 35 Ala.App. 89, 44 So.2d 18.

This concludes a review of the refused charges. The objectionable features to which we have referred may not include all the faults of the instructions. Our discussions should be so considered.

We have devoted due diligence to a study of this record. In our view there is no prejudicial error appearing therein.

The judgment of the court below is ordered affirmed.

Affirmed.