58 So.2d 653

**WILLIAMS v. STATE.**

6 Div. 229.

Supreme Court of Alabama.

Oct. 25, 1951.

Rehearing Denied May 15, 1952.

Hugh A. Locke, and Winton G. Wilson, Birmingham, for petitioner.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed.

LIVINGSTON, Chief Justice.

By the petition for certiorari and the supporting brief, appellant (defendant) presents for review two of the questions passed upon by the Court of Appeals, 58 So.2d 646. The first of these relates to the remark of a prospective juror advanced on the preliminary examination of the venire from which a jury was to be selected. On the basis of the recited facts and circumstances surrounding this occurrence, appearing in the opinion of the Court of Appeals, we are of the opinion that no error appears in the conclusion reached by the Court of Appeals. In effect, the prospective jurors were asked whether or not any one of them entertained a fixed opinion favorable to or against the defendant, or had heard or known anything which would affect their verdict. One of the jurors responded thus: "* * * if there is any whiskey mixed up in this inquiry I am for conviction." Thereupon defendant's attorney moved that the jury be discharged and, following a colloquy on the part of the respective attorneys and the court, the motion was overruled.

In our case of McGuire v. State, 239 Ala. 315, 194 So. 815, relied upon by the Court of Appeals, we held that in qualifying prospective jurors in a murder prosecution, much is left to the discretion of the trial court, and that, in the case then before us, there was no abuse of discretion on the part of the trial court in denying a motion for another panel because a prospective juror asked to be excused and stated, in the presence of the other jurors, that he thought the defendant was guilty. In the present case, the prospective juror did not, in fact, respond to the question propounded. Instead, he gratuitously disclosed a peculiar predilection in any case where whiskey might be involved. It cannot be supposed that such an attitude of mind, by its mere expression, would prob-

ably influence other prospective jurors in the performance of their sworn duty to render an impartial verdict upon the evidence adduced.

The second question presented relates to an excerpt from the trial court's oral charge to the jury to which an exception was reserved. From the petition and brief it appears that the objectionable instruction was, in substance, a statement in the terms of a statute defining one of the degrees of homicide. As we interpret the argument it is not that the excerpt was an erroneous statement of law, but that it was inappropriate to the case as made by the evidence. In disposing of this question in the Court of Appeals it was there held:

"We have given due consideration and study to this question. The court gave a very able and comprehensive oral charge. He instructed on the doctrine of self defense with care and clearness. Taking his charge in its entirety, together with the given written charges, we are clearly convinced that the substantial rights of the accused were not impaired in any manner by the excerpt to which the exception was directed."

 This was no more nor less than an application of the doctrine of harmless error. We have consistently held that the application of the doctrine of harmless error by the Court of Appeals will not be reviewed on certiorari, in the absence of a statement of the pertinent facts. Grant v. State, 235 Ala. 663, 180 So. 333; City of Birmingham v. Lynch, 240 Ala. 24, 197 So. 48; Harris v. State, 247 Ala. 194, 23 So.2d 514.

 Consideration by this court of decisions and opinions of the Court of Appeals is limited to those grounds on which the certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270.

Writ denied.

BROWN, LAWSON and STAKELY, JJ., concur.