JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant was convicted of unlawful possession of pentazocine hydrochloride, a controlled substance, and sentenced to be imprisoned for a term of fifteen years. He duly appeals to this Court.
The appellant was represented at all proceedings in the trial court, and is represented in this Court, by counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief three reasons why his conviction should be reversed. First, that the trial court erred in denying his motion to suppress; second, by denying his motion for a directed verdict of acquittal at the close of the state’s case; third, by denying his requested jury charges number 2 and number 3.
Appellant’s first contention in his brief is that the affidavit made by Officer Rassie G. Smith before Judge Sullivan of the District Court of Mobile County, Alabama, was insufficient to sustain the issuance of the search warrant by Judge Sullivan, in that the facts stated before the magistrate were insufficient to meet the requirements of Aguilar v. State Of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.
The affidavit before Judge Sullivan is in words and figures, as follows:
“SEARCH AFFIDAVIT_32998
District Court of Alabama, Mobile County
“Affidavit: State of Alabama, County of Mobile: Before the undersigned personally appeared Officer Rassie Smith who requested a search warrant and in support thereof made oath as follows:
1. The ( ) PERSON (X) PLACE to be searched is in Mobile County and is described as: 2150 Gibson St., Mobile, Alabama, which is the residence of a B/M known as ‘Head’
2. The PROPERTY to be searched for and seized, if found, is specifically described as:
Talwin
3. The GROUNDS for search are that said property
( ) was stolen or embezzled.
(X) was a means of committing the felony of: Possession of Talwin
( ) will be used to commit the offense of:
4.The FACTS establishing probable cause for search are:
I am Officer Rassie Smith of the Mobile Police Department, Mobile, Alabama. I am presently assigned to the Narcotic Section. On October 6,1981,1 received the following information from a reliable informant who has given me reliable information within the past six months. This information has helped lead to the arrest of at least one (1) drug violator in one (1) case, still pending in the District courts of Mobile, Alabama.
The informant stated that within the past three (3) days, he was inside the residence known to informant to be located at 2150 Gibson Street, which is the residence of a B/M known as ‘Head’. While in the residence at that time, the informant observed beige tablets and blue tablets wrapped in tin foil. This substance was represented by B/M ‘Head’ to be Talwin.
I know that Talwin is commonly packaged in this manner and has this appearance. I have frequently come into contact with persons using and handling this drug in my duties as a narcotic officer.
“STATE’S
EXHIBIT
1
BWA
Rassie G. Smith
Affiant
“Subscribed and sworn to before me this 7th day of Oct 1981, at 8:30 A. M.
James D. Sullivan
(X) Judge, District Court of Alabama, Mobile County
( ) Municipal Judge, City of DC-16”
Officer Smith testified that he knew Jackson was known by the nickname of *506 “Head,” that Officer Smith wrote out the affidavit, and it was duly sworn to before the Magistrate, and the Magistrate issued the search warrant, and Officer Smith, and other officers, executed it on the same day it was issued.
In the case of Aguilar v. State of Texas, supra, the Supreme Court of the United States said:
“Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Headnote 9 Jones v. United States, 362 US 257, 4 L.Ed.2d 697, 80 S.Ct. 725, 78 A.L.R.2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 11 L.Ed.2d 887, 84 S.Ct. 825, was ‘credible’ or his information ‘reliable.’
Otherwise, ‘the inferences from the facts which lead to the complaint’ will be drawn not ‘by a neutral and detached magistrate,’ as the Constitution requires, but instead, by a police officer ‘engaged in the often competitive enterprise of ferreting out crime,’ Giordenello v. United States, supra, 357 U.S. [480] at 486, 2 L.Ed. [1503] at 1509 [78 S.Ct. 1245,1250]; Johnson v. United States, supra, 333 U.S. [10] at 14, 92 L.Ed. [436] at 440 [68 S.Ct. 367, 369], or, as in this case, by an unidentified informant.’ ”
The informant saw the narcotics where they were claimed to be, and had given reliable information on a prior occasion. We hold that the facts stated before the magistrate in this case fully comply with the requirements of Aguilar v. Texas, supra, and that the trial court did not err by overruling appellant’s motion to suppress the evidence obtained by the execution of the search warrant. Aguilar v. The State Of Texas, supra; Code Of Alabama, 1975, Sec. 15-5-3.
State’s evidence before the jury tended to prove that Officer Smith executed the warrant on October 7, 1981, by searching the house described in the warrant, and found the drugs there that his informant had described, and were described in the search warrant; that Officer Smith was a deputy sheriff, and was assisted by Officers David A. Wilhelm, Jeff Stokes, and Bob Osborn of the Mobile Police Department Narcotics Section, in the execution of the search warrant at about 2:00 o’clock, P.M. on October 7,1981; that as a result of the search, a pill bottle containing 61 beige, and 59 blue tablets, a piece of cellophane with 9 tin foil packages containing beige, and blue tablets, two syringes, a brown envelope with some blue tablets, and a brown envelope with a small amount of plant material; that the pill bottle with the pills, and the cellophane with pills, and the syringes were found in the kitchen and living room which are together; that the syringes were found in the kitchen sink; that all these items that were seized were taken to the Mobile Crime Laboratory on October 8, the next day, and were in the same condition as when they were seized; that as Officer Smith approached the house, the wooden door was standing open, the screen door was latched; that as he stepped up on the front porch, the occupants inside the house started hollering “it is the police;” that Ernest Jackson, the appellant, Prentiss Holloway, Bonita Bridges, Fredrick Massey, John Thompson and Arthur Lee Mack were all in the house; that as Smith snatched open the screen door, Jackson was trying to run out the back door with Arthur Mack and John Thompson, and Mr. Mack went outside and Mr. Jackson was not able to make it, so he turned and ran into the bathroom with Prentiss Holloway; that the defendant was apprehended in the house and arrested; that when Officer Smith first entered the house, Jackson was standing in the kitchen. On redirect examination of Officer Smith, he testified that Mr. Jackson told Smith his nickname was “Head.”
State’s witness, David A. Wilhelm, testified, in substance, that on October 7, 1981, he was employed by the City of Mobile *507 Police Department as a criminal investigator for the Mobile County District Attorney’s office; that he assisted in the execution of the search warrant at 2150 Gibson Street; that he entered the house right behind Officer Smith; that there were several people in the house when he entered; three were running toward the back door, one attempted to run out the front door past him, and another one was sitting on the couch; that the defendant was present and was arrested; that he seized a pill bottle containing a quantity of beige tablets, and blue tablets, and a cellophane wrapper with a quantity of beige, and blue tablets; that the tablets were found on the couch, and he turned them over to Officer Smith; that Miss Bridges was sitting on the pills on the couch, and when she stood up, the pills were in view.
State’s witness, Miss Allilee Pillman, testified, in substance, that she was employed by the City of Mobile’s Department of Crime Laboratory, and had been for the past 24 years; that on October 8, 1981, she received evidence from Officer Rassie Smith; that it was a bottle containing orange, and blue tablets, nine pieces of foil with orange and blue tablets, a syringe, plant material, and another blue tablet; thai she analyzed the substance in the bottle, and found it contained a controlled substance known as Talwin, which is pentazo-cine hydrochloride. The state rested its case, and the defendant moved to exclude because there was no evidence of any knowledge on the part of the defendant. The motion was denied.
Appellant’s witness, Mr. John Thompson, testified, in substance, that he was present when the defendant was arrested; that Bonita Bridges, and Fred Massey were present, and he has forgotten the names of the other people who were there; that there were six in all; that when the officers came in the front door, Bonita Bridges and Fred Massey were in the living room; that Jackson was in the bathroom; that he and another person were standing at the kitchen sink; that when you come through the front door, you cannot see the sink in the kitchen; that one man ran out the back door and into some officers; that Jackson and Prentiss Holloway were in the bathroom; that nobody in the house knew the drugs were there except Thompson and Bonita Bridges; that a fellow by the name of Juicy lived there; that Mr. Jackson came in the house about 5 minutes before the police came; that Mr. Jackson had no knowledge of the fact that the lady had the controlled substance on her; that Mr. Jackson lives on Cotton Street with his wife and children. The appellant Jackson did not testify. No exceptions were properly made on the record to the court’s oral charge.
Appellant’s second contention in his brief is that the trial court erred to his prejudice by denying his motion for a directed verdict of acquittal at the close of the state’s case. His argument is that at that time in the trial there was no evidence before the jury from which it could find that the appellant knew the drugs were present. That without such knowledge the appellant could not be guilty of having constructive possession of the drugs.
The evidence before the jury, when the appellant made his motion for a directed verdict of acquittal, if believed by the jury, was sufficient to sustain the jury verdict of guilt of possession of the drugs. The appellant was present in the house at the time of the search and finding of the drugs. There was evidence that he was known by the nickname of “Head,” and that he lived there where the drugs were found. There was evidence that when the police appeared, he ran, and tried to escape out of the house when the police entered. The question as to the appellant’s knowledge of the drugs, under the evidence, was for the jury to decide from all the evidence before the jury at the time the motion was made.
We hold that the trial court did not err when it denied appellant’s motion for a directed verdict of acquittal. Walker v. State, Ala.Cr.App.1977, 356 So.2d 674; Certiorari Denied, Ex parte Claudia Mae Walker, Ala.1978, 356 So.2d 677; Dolvin v. State, Ala.1980, 391 So.2d 133; After Remand, Ala.Cr.App.1980, 391 So.2d 139; Crittenden *508 v. State, Ala.Cr.App.1982, 414 So.2d 476; Gamble, McElroy’s Alabama Evidence, Third Edition, Sec. 190.01; Payne v. State, Ala.Cr.App.1983, 424 So.2d 722.
Appellant’s third contention in his brief is that the trial court erred by refusing to give his written requested charges 2 and 3 to the jury. Charges 2 and 3 read, as follows:
“DEFENDANT’S REFUSED CHARGES
“DEFENDANT’S REQUESTED
CHARGE NO. 2 .
“I charge you, members of the jury, that it is the policy of the law that no innocent person should be convicted, and it is better that many guilty people go unpunished than that one innocent person is convicted.
“FILED Jun 221982 “Refused
MAURICE W. CASTLE, JR.,
CLERK.” “Ferrill D. McRae, Judge
“DEFENDANT’S REQUESTED
CHARGE NO. 3
“The Court charges the jury that the legal presumption of innocence is to be regarded as a matter of evidence in behalf of Defendant.
“Refused
“Ferrill D. McRae, Judge
“FILED Jun 22. 1982.
MAURICE W. CASTLE, JR.,
CLERK
“Biggs v. State, Ala.Crim.App. 411 So.2nd 813 (1981)”
It is not reversible error to refuse a written requested charge which merely states an abstract principle of law without containing instructions as to the effect such law has on the issues involved in the case. Craig v. State, Ala.Cr.App.1980, 389 So.2d 177; Williams v. State, 1952, 36 Ala.App. 26, 58 So.2d 646; Certiorari Denied, 1952, 257 Ala. 337, 58 So.2d 653; Taylor v. State, 1964, 276 Ala. 232, 160 So.2d 641. We hold that the trial court did not err when it refused to give written requested charges number 2 and 3. We do not comment on the charges otherwise.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.